**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FREDY SOSA, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ONFIDO, INC., a Delaware corporation,<br><br>　　　　　　Defendant. | No. _____<br><br>Honorable _____ |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Onfido, Inc. ("Onfido") hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

By filing this notice, Onfido does not concede any allegation, assertion, claim, or demand for relief in the Complaint of plaintiff Fredy Sosa ("Sosa"), or that any damages exist. Onfido expressly denies that it has violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), intends to defend this matter vigorously, and reserves all defenses and objections to the allegations, assertions, claims, demands for relief, and supposed damages set forth in the Complaint.

### **I.  THE STATE COURT ACTION**

On June 12, 2020, Sosa, on behalf of himself and allegedly similarly situated individuals, commenced this action in the Circuit Court for Cook County, Illinois under the caption *Fredy Sosa v. Onfido, Inc.*, Case No. 2020CH04554. *See* Ex. 1 (Complaint). Sosa served Onfido's registered agent with the Summons and Complaint on or about June 18, 2020. *See* Ex. 2 (Summons).

Sosa seeks relief based on Onfido's alleged violations of BIPA. In particular, Sosa alleges that Onfido violated Section 15(b) of the statute by failing to "(1) inform[] the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) inform[] the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receive[] a written release executed by the subject of the biometric identifier or biometric information." Ex. 1 ¶¶ 47, 49 (citing 740 ILCS 14/15(b)) (emphasis original). Sosa also alleges that Onfido violated Section 15(a) of the statute by failing to "(i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data . . . ; and (ii) actually adhere to that retention schedule and actually delete the biometric information." *Id.* ¶¶ 48, 49 (citing 740 ILCS 14/15(a)).

Sosa brings this action as a putative class action, seeking to represent an alleged class of "[a]ll residents of the State of Illinois who had their biometric identifiers or biometric information, including faceprints, collected, captured, received, otherwise obtained, or disclosed by Onfido while residing in Illinois." *Id.* ¶ 41. He alleges that there are "at least hundreds" of members of the proposed class and that "individual joinder is impracticable." *Id.* ¶ 42.

On behalf of himself and each putative class member, Sosa seeks: "statutory damages of $5,000 for *each* willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS 14/20(1)"; "injunctive and other equitable relief as is necessary to protect the interests of the Class, including an Order requiring [Onfido] to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA"; "reasonable litigation expenses and attorneys' fees"; "pre- and post-judgment interest, to the extent allowable"; and "such other and further relief as equity and justice may require." *Id.* at 14-15 ("Prayer For Relief") (emphasis original).

## II. GROUNDS FOR REMOVAL

### A. This Action is Removable Under 28 U.S.C. §§ 1332(a)(1) and 1441(b)

This case is properly removed under 28 U.S.C. §§ 1332(a)(1) and 1441(b) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest. *See Fernandez v. Kerry, Inc.*, No. 17 C 8971, 2020 WL 1820521, at *3-4 (N.D. Ill. Apr. 10, 2020).

#### 1. There is complete diversity of citizenship.

Sosa, the only named plaintiff, is a citizen of Illinois. *See* Ex. 1 ¶ 8. Onfido is incorporated in Delaware, *see id.* ¶ 9, and is therefore a citizen of that state, *see* 28 U.S.C. § 1332(c)(1). Sosa alleges that Onfido's principal place of business is in London, *see* Ex. 1 ¶ 9, which would make Onfido a citizen of the United Kingdom, *see* 28 U.S.C. § 1332(c)(1). In fact, however, Onfido's principal place of business is in San Francisco, California. *See* Ex. 4 (Declaration of Kevin Trilli) ¶ 3. Thus, the parties are completely diverse. *See Fernandez*, 2020 WL 1820521, at *3.

#### 2. The amount in controversy exceeds $75,000.

It is apparent from Sosa's Complaint that the amount in controversy for his individual claim against Onfido exceeds $75,000, as required by 28 U.S.C. § 1332(a).

**First,** Sosa seeks statutory damages. BIPA provides for "liquidated damages of $5,000" "for each violation" that is committed "intentionally or recklessly." 740 ILCS 14/20, 14/20(2). Sosa's Complaint alleges the following with respect to Sosa:

- Onfido allegedly violated Section 15(b) of BIPA, *see* Ex. 1 ¶¶ 47, 49;

- Onfido allegedly violated Section 15(a) of BIPA, *see id.* ¶¶ 48-49; and

- Onfido allegedly committed the above violations intentionally or recklessly, *see id.* ¶ 10 (alleging that Onfido "is and has been aware that it is collecting biometric data from Illinois residents, without complying with BIPA"); *id.* ¶ 29 (alleging that Onfido failed to comply with BIPA even though "Onfido is well aware of Illinois consumers' privacy rights under BIPA").

Accordingly, Sosa alleges that at least $10,000 in statutory damages are in controversy based on his individual claim against Onfido (two violations of BIPA multiplied by $5,000 in statutory damages for each violation equals $10,000 in statutory damages).

**Second,** Sosa seeks attorneys' fees and costs. *See id*. at 14-15; *see also* 740 ILCS 14/20(3) (prevailing parties may recover "reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses" under BIPA). "Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages." *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998). Thus, in calculating the amount in controversy, this Court may consider the attorneys' fees that Sosa has incurred for investigating his claims, preparing and filing his Complaint, and other pre-removal tasks. While Onfido cannot know precisely the fees incurred, this Court should assume that those fees are substantial and potentially in excess of the jurisdictional amount. *Cf.* Plaintiffs' Mot. for and Mem. of Law in Support of Attorneys' Fees, Expenses and Incentive Awards at 6, *N.P. v. Standard Innovation Corp.*, No 1:16-cv-8655, 2017 WL 3335340 (N.D. Ill. June 15, 2017) (Dkt. 36) (Sosa's counsel describing extensive pre-suit work undertaken on behalf of different clients in a different privacy case, including "thoroughly investigat[ing] Standard Innovation's We-Vibe product line and the ways in which the vibrators interacted with the We-Connect App and used their Bluetooth functionality"; "consult[ing] on numerous occasions with" clients; and "research[ing] the Defendant company and product line, studying the manner in which Standard Innovation markets its We-Vibe line, reviewing the We-Vibe device and We-Connect application, and review[ing] consumer Complaints about the device").

**Third,** Sosa seeks broad injunctive relief. *See* Ex. 1 at 14 (seeking "injunctive and equitable relief . . . , including an Order requiring [Onfido] to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA"). This Court may consider the costs of that relief when calculating the amount in controversy. *See Tropp v. W.-S. Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004) (explaining that "the cost a defendant incurs in complying with injunctive relief is a legitimate consideration in a jurisdictional inquiry"). And those costs

substantially increase the amount in controversy. For example, if this Court determined that Onfido is not in compliance with Section 15(b) of BIPA as alleged by Sosa (a contention Onfido vigorously denies) and therefore ordered Onfido to re-engineer its services to change the interface for end users who interact with Onfido's technology through third parties, then Onfido estimates that it would incur at least $80,000 in computer engineering costs alone. *See* Ex. 4 ¶ 4.

In short, it is apparent from Sosa's Complaint that the amount in controversy for his individual claim against Onfido exceeds $75,000. *See, e.g.*, *Fernandez*, 2020 WL 1820521, at *3; *see also Hunt v. DaVita, Inc.*, 680 F.3d 775, 777 (7th Cir. 2012); *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 770 (N.D. Ill. 2019).

**B.    This Action Is Also Removable under the Class Action Fairness Act of 2005**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (procedure for removing class actions).

Under CAFA, federal district courts have original jurisdiction over any putative class action in which (1) the aggregate number of members in the proposed class is 100 or more; (2) the matter in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) the parties are minimally diverse—that is, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(2)(C); *see also Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017) (requirements for CAFA jurisdiction). Because all of those requirements are met, and because Onfido has met all other requirements, this action is removable under CAFA.

    **1.    This is a putative class action in which the aggregate number of proposed class members is 100 or more.**

This is a putative "class action" under CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule

of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Sosa filed this action under Section 2-801 of the Illinois Code of Civil Procedure, which allows "for the maintenance of a class action" when the alleged "class is so numerous that joinder of all members is impracticable"; "[t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members"; "[t]he representative parties will fairly and adequately protect the interest of the class"; and "[t]he class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(1)-(4). The requirements for class certification under Section 2-801 parallel those of Federal Rule of Civil Procedure 23. *Compare* 735 ILCS 5/2-801 *with* Fed. R. Civ. P. 23.

Sosa proposes to represent a class of similarly situated individuals who, like him, allegedly interacted with Onfido's identity verification services through third parties. More specifically, Sosa seeks to represent a class defined as "*[a]ll residents of the State of Illinois who had their biometric identifiers or biometric information, including faceprints, collected, captured, received, otherwise obtained, or disclosed by Onfido while residing in Illinois.*" Ex. 1 ¶ 41 (emphasis added). Sosa alleges that there are "at least hundreds" of class members, *id.* ¶ 42, therefore satisfying the first element. Moreover, based on Onfido's preliminary investigation, at least 501 individuals who interacted with Onfido's identity verification services through third parties in the last 12 months uploaded a government-issued identity document issued by the State of Illinois. *See* Ex. 4 ¶ 6. Accordingly, while Onfido does not concede that Sosa's proposed class is certifiable, lawful, or otherwise proper, and while Onfido expressly reserves the right to raise all arguments and defenses to Sosa's allegations, including Sosa's class certification allegations, the alleged class, as defined by the allegations of Sosa's Complaint, numbers at least 501 individuals.

### 2. The amount in controversy exceeds $5,000,000.

CAFA requires courts to aggregate the claims of putative class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest

and costs." 28 U.S.C. § 1332(d)(6). Thus, a court must "determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the . . . proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). The amount in controversy "concerns what the plaintiff is claiming . . . , *not* whether plaintiff is likely to win or be awarded everything he seeks." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (emphasis added).

Sosa does not allege a specific amount in controversy. Accordingly, Onfido need only make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014). Here, it is plain that the amount in controversy exceeds the $5,000,000 threshold.

**First,** Sosa seeks statutory damages on his own behalf and on behalf of each putative class member. As noted above, BIPA provides for "liquidated damages of $5,000" "for each violation" that is committed "intentionally or recklessly." 740 ILCS 14/20, 14/20(2). Sosa's Complaint alleges the following with respect to Sosa and each member of the putative class:

- Onfido violated Section 15(b) of BIPA, *see* Ex. 1 ¶¶ 47, 49;

- Onfido violated Section 15(a) of BIPA, *see id*. ¶¶ 48-49; and

- Onfido's violations were intentional or reckless, *see id*. ¶ 10 (alleging that Onfido "is and has been aware that it is collecting biometric data from Illinois residents, without complying with BIPA"); *id*. ¶ 29 (alleging that Onfido failed to comply with BIPA even though "Onfido is well aware of Illinois consumers' privacy rights under BIPA").

Further, as explained above, Onfido's preliminary investigation indicates that at least 501 individuals who interacted with Onfido's identity verification services through third parties in the last 12 months uploaded a government-issued identity document issued by the State of Illinois. *See supra* Section II.B.1. Accordingly, while Onfido does not concede that Sosa's proposed class is certifiable, lawful, or otherwise proper, and while Onfido expressly reserves the right to raise all arguments and defenses to class certification, the proposed class, as defined by the allegations of Sosa's Complaint and based on Onfido's preliminary investigation, numbers at least 501

individuals. As a result, Sosa alleges that at least $5,010,000 in statutory damages are in controversy (501 class members multiplied by two violations of BIPA equals 1,002 violations; 1,002 violations multiplied by $5,000 in statutory damages for each violation equals $5,010,000 in statutory damages).

**Second,** as discussed above, Sosa seeks attorneys' fees and costs, *see supra* Section II.A.2, and "where attorneys' fees are recoverable as a matter of law or contract, they may be reckoned into the jurisdictional amount." *Stull v. YTB Int'l, Inc.*, No. 10-600-GPM, 2010 WL 4008153, at *3 (S.D. Ill. Oct. 13, 2010).

**Third,** as also discussed above, Sosa seeks broad injunctive relief, *see supra* Section II.A.2, and this Court may consider the costs of that relief when calculating the amount in controversy, *see id*.

In short, it is apparent from Sosa's Complaint that the amount in controversy for purposes of CAFA exceeds $5,000,000. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Blomberg v. Serv. Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

### 3. The parties are minimally diverse.

The parties are minimally diverse, as CAFA requires, because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). As noted above, Sosa is a citizen of Illinois. *See* Ex. 1 ¶ 8. Onfido is incorporated in Delaware, *see id*. ¶ 9, and is headquartered in California, *see* Ex. 4 ¶ 3, and is therefore a citizen of Delaware and California, *see* 28 U.S.C. § 1332(c)(1).

### 4. None of CAFA's exceptions bar removal.

This action does not fall within the exceptions to removal jurisdiction under CAFA. Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when,

among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed class . . . is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants . . . are citizens of the State in which the action was originally filed"). Section 1332(d)(4) does not apply here because Onfido is not a citizen of Illinois, where the action was originally filed. Likewise, the discretionary exemptions in Section 1332(d)(3) apply only where "the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3); *see also Roppo*, 869 F.3d at 585 (local controversy and discretionary CAFA exceptions do not apply when primary defendant is not citizen of state in which action was filed).

Section 1332(d)(5)(B) requires a court to decline jurisdiction when the number of all class members is less than 100. That does not apply here, because Sosa has alleged a class of "at least hundreds."

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate-governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *see id.* § 1453(d) (same). Those provisions do not bar jurisdiction here because Sosa's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934 nor do they involve state-centric corporate governance issues.

### C. Venue and Intra-District Assignment Are Proper

The Northern District of Illinois, Eastern Division is the proper venue and intra-district assignment for this action upon removal because this "district and division embrac[e]" the Circuit Court of Cook County, Illinois, where the Complaint was filed. *See* 28 U.S.C. § 1441(a).

**D.      Onfido Has Satisfied All Other Requirements**

Onfido timely filed this Notice of Removal. Onfido was served with a copy of the Complaint and Summons on June 18, 2020. *See* Ex. 1 (Complaint); Ex. 2 (Summons). Onfido subsequently filed and served this Notice of Removal within 30 days of said service, as required by 28 U.S.C. § 1446(b).

Further, as required by 28 U.S.C. § 1446(a), Onfido has filed with this Notice of Removal true and correct copies of all process, pleadings, and orders served upon Onfido in the state-court action. The Complaint (Ex. 1) is the only document that has been filed in the state court action. A true and correct copy of the state court docket is attached as Exhibit 3.

Finally, Onfido will promptly serve on Sosa and file with the Circuit Court a "Notice of Removal to Federal Court." Onfido will also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court." 28 U.S.C. § 1446(d); *see also* Fed. R. Civ. P. 5(d).

## III.     RESERVATION OF RIGHTS AND DEFENSES

Onfido expressly reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Sosa's allegations or waiving any of Onfido's defenses. Onfido also reserves its right to amend or supplement this Notice of Removal.

## IV.     CONCLUSION

For the foregoing reasons, Onfido respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois. Onfido further requests whatever other relief the Court deems appropriate.

-11-

**Respectfully submitted,**

By: /s/ Kathleen A. Stetsko

    Kathleen A. Stetsko
    **PERKINS COIE LLP**
    131 S Dearborn Street # 1700
    Telephone: 312.324.8400
    Fax: 312.324.9400
    Email: KStetsko@perkinscoie.com

    James G. Snell
    (*pro hac vice* application forthcoming)
    Ryan Spear
    (*pro hac vice* application forthcoming)
    **PERKINS COIE LLP**
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone: 206.359.8000
    Fax: 206.359.9000
    Email: JSnell@perkinscoie.com
    Email: RSpear@perkinscoie.com

    Attorneys for defendant Onfido, Inc.

## CERTIFICATE OF SERVICE

I, Kathleen A. Stetsko, certify that on July 18, 2020, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

On this date I further caused to be served on each of the attorneys identified below, via the delivery methods indicated below, a copy of the foregoing document:

| | |
|---|---|
| Benjamin H. Richman | **X**   Via the Clerk's eFiling Application |
| brichman@edelson.com | ___   Via U.S. Mail, 1st Class |
| J. Eli Wade-Scott | ___   Via Overnight Delivery |
| ewadescott@edelson.com | ___   Via Facsimile |
| Schuyler Ufkes | **X**   Via Email |
| sufkes@edelson.com | ___   Other: _____ |
| EDELSON PC | |
| 350 North LaSalle Street, 14th Floor | |
| Chicago, Illinois 60654 | |
| Tel: 312.589.6370 | |
| Fax: 312.589.6378 | |

*Attorneys for Plaintiff Fredy Sosa*

I certify under penalty of perjury that the foregoing is true and correct.

By: /s/ Kathleen A. Stetsko