## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FREDY SOSA, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | |
| v. | Case No.: 1:20−cv−04247 |
| ONFIDO, INC., a Delaware corporation, | Honorable Marvin E. Aspen |
| *Defendant*. | |

## JOINT INITIAL STATUS REPORT

The Parties have conferred as required by Rule 26(f), and jointly submit the following joint status report pursuant to the Court's June 6, 2022 Minute Order. (Dkt. 60.)

**Nature of the Case**

1.    **Attorneys of Record**:

Plaintiff's Counsel: Benjamin H. Richman, J. Eli Wade-Scott, and Schuyler Ufkes of Edelson PC

Defendant's Counsel: Bonnie Keane DelGobbo, Amy L. Lenz, and Joel Griswold of Baker and Hostetler LLP

2.    **Basis for Federal Jurisdiction**: Plaintiff originally filed this case in state court, and Defendant removed. (Dkt. 1.) Defendant asserts there is federal jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(b) because Plaintiff is a citizen of Illinois, Defendant is a citizen of Delaware and California, and the amount in controversy exceeds $75,000 exclusive of interests and costs. (*Id*. at 3–5.) Defendant also asserts there is federal jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the aggregate number of members in the proposed

class is 100 or more, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the parties are minimally diverse. (*Id*. at 5–9.)  Defendant does not concede that class certification is appropriate or that Defendant is liable for any damages.

**3.**      **Nature of the claims and expected counterclaims**: Plaintiff alleges that Defendant collected and stored his biometric data, in the form of his facial geometry, through its facial recognition software without first obtaining Plaintiff's informed written consent and without establishing or complying with a retention and deletion policy for biometric data, in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* Plaintiff brings this action on behalf of himself and all other Illinois residents who had their biometric data collected and stored by Defendant, and seeks, *inter alia*, an injunction requiring that Defendant comply with BIPA, an award of statutory damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1), and reasonable litigation expenses and attorneys' fees. Defendant denies these claims and has filed an Answer and Affirmative Defenses. (Dkt. 59.)

**4.**      **Parties who have not yet been served**: Service is complete at this time.

**5.**      **Principal legal issues**:

Plaintiff's Position: Plaintiff anticipates that the major legal issues will include: (1) whether the biometric data allegedly collected, used, and stored by Defendant constitute "biometric identifiers" or "biometric information" as defined by BIPA, 740 ILCS 14/10; (2) whether Defendant properly informed Plaintiff and the putative class of its purposes for collecting, using, and storing their biometric data; (3) whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the putative

class's biometric data; (4) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of their last interaction, whichever occurs first; (5) whether Defendant complies with any such written policy (if one exists); and (6) whether Defendant's alleged violations of BIPA, if any, were negligent, intentional, or reckless.

Defendant's Position: Defendant anticipates that major legal issues will include those raised by Plaintiff and the following: (1) whether Defendant's alleged actions about which Plaintiff complains occurred primarily and substantially in Illinois; (2) whether Defendant, as to all or some of the putative class, is exempt from the BIPA as being subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder; (3) whether Defendant collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's or putative class members' biometric identifiers or biometric information under BIPA; (4) whether Defendant was in possession of Plaintiff's or putative class members' biometric identifiers or biometric information under BIPA; (5) whether Plaintiff or putative class members are entitled to damages and, if so, what amount; (6) whether Plaintiff or putative class members are entitled to injunctive relief and, if so, what injunction; (7) what terms and conditions applied to each putative class member at the time that such putative class member used one of Defendant's clients' services through which their photograph(s) were submitted; (8) whether each putative class member agreed to individually arbitrate their BIPA claim against Defendant; and (9) whether each putative class member received notices and provided releases that, if applicable, would have satisfied BIPA.

6.      **Principal factual issues**:

Plaintiff's Position: Plaintiff anticipates that the major factual issues will include: (1)

what type of information or data Defendant collected or captured from Plaintiff's and putative class members' faces through Defendant's software; (2) whether that information or data is stored or retained by Defendant; (3) whether any information or data derived from Plaintiff's or class members' faces is transmitted to third parties other than Defendant; (4) whether Defendant or its customers who utilized Defendant's software have any policies or procedures related to the collection, possession, or retention of biometric data, and if so, when those policies and procedures were implemented and in effect; and (5) whether Plaintiff or any of the putative class members were presented with or executed a written release authorizing Defendant's alleged collection and retention of their biometric data.

Defendant's Position: Defendant anticipates that major factual issues will include those raised by Plaintiff and the following: (1) whether Defendant's alleged actions about which Plaintiff complains occurred primarily and substantially in Illinois; (2) whether Defendant, as to all or some of the putative class, is exempt from the BIPA as being subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder; (3) whether Defendant collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's or putative class members' biometric identifiers or biometric information under BIPA; (4) whether Defendant was in possession of Plaintiff's or putative class members' biometric identifiers or biometric information under BIPA; (5) whether Defendant's alleged violations of BIPA, if any, were negligent, intentional, or reckless; (6) whether Plaintiff or putative class members are entitled to damages and, if so, what amount; (7) whether Plaintiff or putative class members are entitled to injunctive relief and, if so, what injunction; (8) what terms and conditions applied to each putative class member at the time that such putative class member used one of Defendant's clients' services through which their photograph(s) were submitted; (9) whether each putative class member agreed

to individually arbitrate their BIPA claim against Defendant; and (10) whether each putative class member received notices and provided releases that, if applicable, would have satisfied BIPA.

**7.** **Whether a jury trial is expected**: Plaintiff has demanded a jury trial.

**8.** **Status of discovery:** The Parties have not yet engaged in any formal discovery but have exchanged information informally for settlement purposes. The Parties plan to serve their first interrogatories and requests for production in the coming weeks. Plaintiff anticipates taking written and oral fact discovery on the following topics: (1) the manner in which Defendant allegedly collected and stored biometric data; (2) the face-scanning functionality of Defendant's software; (3) the time period and the number of people affected by Defendant's alleged collection and storage of biometric data; (4) contracts and communications between Defendant and its third-party customers who implemented Defendant's software; (5) Defendant's policies and procedures related to its alleged collection, usage, and storage of biometric data; (6) the measures Defendant has taken, if any, to protect alleged biometric data and whether any unauthorized disclosure has occurred; (7) communications between Defendant's agents or employees concerning the alleged possession or collection of biometric data, and compliance with BIPA; and (8) the steps Defendant has taken (if any) to comply with BIPA. Defendant anticipates taking written and oral fact discovery on the topics raised by Plaintiff, the legal and factual issues in Sections 5 and 6, the allegations contained in Plaintiff's Complaint, and the defenses raised in Defendant's Answer.

**9.** **Discovery proposal**: The Parties anticipate that expert discovery will be necessary. As such, the Parties propose the following case deadlines:

| EVENT | PLAINTIFF'S PROPOSED DEADLINE | DEFENDANT'S PROPOSED DEADLINE |
|---|---|---|
| Initial Disclosures | July 7, 2022 (i.e., 14 days after the Parties' conference, per Rule 26(a)(1)(c)) | Agreed. |
| Amendment to the Pleadings | April 10, 2023 | Agreed. |
| Completion of Fact Discovery | April 10, 2023 | January 9, 2024 |
| Disclosure of Plaintiff's Expert Report(s) regarding Class Certification | May 10, 2023 | February 8, 2024 |
| Deadline to depose Plaintiff's Expert regarding Class Certification | June 9, 2023 | March 11, 2024 |
| Disclosure of Defendant's Expert Report(s) regarding Class Certification | July 10, 2023 | April 11, 2024 |
| Deadline to depose Defendant's Expert regarding Class Certification | August 9, 2023 | May 13, 2024 |
| Plaintiff's Deadline to Move for Class Certification | September 8, 2023 | June 13, 2024 |
| Defendant's Deadline to Respond to Motion for Class Certification | October 6, 2023 | July 15, 2024 |
| Plaintiff's Deadline to Reply in support of Class Certification | October 20, 2023 | July 29, 2024 |

Following the Court's ruling on Plaintiff's motion for class certification, the Parties suggest that the Court set a status hearing to schedule all future case deadlines, including any expert discovery deadlines regarding merits issues, dispositive motion deadlines, and trial-related deadlines.

10.     **Earliest potential trial date and length of trial:** The Parties expect the earliest possible date of trial would be 12 months after the Court's ruling on Plaintiff's motion for class certification. Plaintiff currently expects trial to take approximately 3 to 5 days. Defendant believes that the length of the trial will depend on whether a class is certified and, if so, the scope of that class.

11.     **Consent to proceed before the Magistrate Judge:** The Parties have not unanimously consented to proceed before the Magistrate Judge.

12.     **Settlement discussions:** The Parties are currently engaged in settlement discussions and have exchanged informal discovery to that end. Plaintiff anticipates making an initial class-wide settlement demand this week. The Parties do not request a settlement conference at this time.

Respectfully submitted,

**FREDY SOSA**, individually and on behalf of all others similarly situated,

Dated: June 23, 2022

By: /s/ Schuyler Ufkes
        One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
Schuyler Ufkes
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Fredy Sosa*

**ONFIDO, INC.,**

Dated: June 23, 2022

By: /s/ Joel Griswold (with authorization)
        One of Defendant's Attorneys

7

Bonnie Keane DelGobbo
bdelgobbo@bakerlaw.com
Amy L. Lenz
alenz@bakerlaw.com
BAKER & HOSTETLER LLP
One N. Wacker Dr., Suite 4500
Chicago, IL 60606
Tel: 312.416.6200
Fax: 312.416.6201

Joel Griswold
jcgriswold@bakerlaw.com
BAKER & HOSTETLER LLP
200 S. Orange Ave., Suite 2300
Orlando, FL 32801-3432
Tel: 407.649.4088

*Attorneys for Defendant Onfido, Inc.*