# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| FREDY SOSA and ROHITH AMRUTHUR, individually and on behalf of all others similarly situated, | Case No.: 20-cv-04247 |
| *Plaintiffs*, | Honorable Marvin E. Aspen |
| v. | |
| ONFIDO, INC., a Delaware corporation, | |
| *Defendant*. | |

## AMENDED CLASS ACTION SETTLEMENT AGREEMENT

This Amended Class Action Settlement Agreement ("Settlement Agreement") is entered into by and among Plaintiffs Fredy Sosa and Rohith Amruthur ("Plaintiffs"), for themselves individually and on behalf of the Settlement Classes defined below, and Defendant Onfido, Inc. ("Onfido" or "Defendant") (each Plaintiff and Onfido are referred to individually as "Party" and collectively referred to as the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

## RECITALS

A.      On June 12, 2020, Plaintiff Fredy Sosa filed a putative class action complaint against Onfido in the Circuit Court of Cook County, Illinois, alleging violations of the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). Plaintiff Sosa claimed that Onfido collected, stored, and/or used his biometric data without authorization when he uploaded a photo of himself and his Illinois ID for identity verification on the OfferUp app—one of Onfido's customers.

B.      On July 18, 2020, Onfido removed the case to the United States District Court for the Northern District of Illinois, where it was assigned the caption, *Sosa v. Onfido, Inc.*, No. 20-cv-04247 (N.D. Ill.). (*See* dkt. 1.)

C.      On October 12, 2020, Onfido moved to compel Plaintiff Sosa to arbitrate his claims and to stay the case pending arbitration. (Dkt. 20.) After full briefing, on January 5, 2021, the Court denied Onfido's motion. (Dkt. 31) Onfido then filed a timely notice of appeal of the Court's order denying the motion to compel arbitration to the United States Court of Appeals for the Seventh Circuit. (Dkt. 32.)

D.      About seven months later, on August 11, 2021, the Seventh Circuit affirmed the district court's denial of Defendant's motion to compel arbitration. (Dkt. 43.) The Seventh Circuit's mandate issued on September 2, 2021. (Dkt. 41.)

E.      On September 15, 2021, Onfido then moved to dismiss Plaintiff Sosa's complaint pursuant to Rule 12(b)(6). (Dkt. 46.) After full briefing, the Court *sua sponte* ordered the Parties to provide supplemental briefing on whether Plaintiff Sosa has Article III standing to pursue his BIPA claims under section 15(a) in federal court, (dkt. 52), which both Parties submitted (dkts. 54, 55). On April 25, 2022, the Court found that Plaintiff Sosa has standing to pursue his BIPA claims in federal court and denied Onfido's motion to dismiss pursuant to Rule 12(b)(6). (Dkt. 58.)

F.      On May 16, 2022, Onfido answered the complaint, denying liability and asserting twenty-two affirmative and other defenses. (Dkt. 59.)

G.      On July 7, 2022, the Parties exchanged initial disclosures pursuant to Rule 26(a)(1), and on August 17, 2022, Plaintiff Sosa served his first set of interrogatories and requests for production to Onfido.

H.      Meanwhile, the Parties began to explore the potential for class-wide resolution in May 2022, which started with Defendant's Counsel providing Class Counsel informal discovery regarding the size and composition of the class. As part of that process, Defendant represented that the Financial Institution Class contains approximately 475,857 members and the Non-Financial Institution Class contains approximately 194,954 members, based on the number of people who uploaded their photograph(s) and an Illinois ID to Onfido's customers' applications, software, or websites since June 12, 2015. After exchanging several demands and counteroffers and participating in several telephone conferences between counsel, the Parties reached an agreement on the material terms of their class-wide settlement, which they memorialized in a binding Memorandum of Understanding executed on December 3, 2022.

I.      On February 23, 2023, Defendant provided Plaintiffs confirmatory discovery confirming the approximate class sizes listed in the preceding paragraph.

J.      To conform the pleadings to the settlement, and within seven days after full execution of this Agreement, Plaintiff Sosa will file a First Amended Complaint with the consent of Onfido, but without Onfido admitting any allegations or liability asserted therein, which will add Plaintiff Rohith Amruthur as an additional named plaintiff. Like Fredy Sosa, Rohith Amruthur alleges that Onfido collected, stored, and/or used his biometric data without authorization when he uploaded a photo of himself and his Illinois ID for identity verification, but used a different Onfido's customers' platform.

K.      Plaintiffs and Class Counsel conducted a comprehensive examination of the law and facts relating to the allegations in the Action and Defendant's potential defenses. Plaintiffs believe that the claims asserted in the Action have merit, that they would have ultimately succeeded in obtaining adversarial certification of the proposed Settlement Classes, and that they

3

would have prevailed on the merits at summary judgment or at trial. However, Plaintiffs and Class Counsel recognize that Defendant has raised factual and legal defenses in the Action that presented a significant risk that Plaintiffs may not prevail and/or that a class might not be certified for trial. Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as difficulty and delay inherent in such litigation. Plaintiffs and Class Counsel believe that this Agreement presents an exceptional result for the Settlement Classes, and one that will be provided to the Settlement Classes without delay. Plaintiffs and Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and based on good faith negotiations, and in the best interests of Plaintiffs and the Settlement Classes. Therefore, Plaintiffs believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and forever barred pursuant to the terms and conditions set forth in the Settlement Agreement.

L.      Defendant denies the material allegations in the Action, as well as all allegations of wrongdoing and liability, including that it is subject to or violated BIPA, and believes that it would have prevailed on the merits and that a class would not be certified for trial. Nevertheless, Defendant has similarly concluded that this settlement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to avoid the risk posed by the Settlement Classes' claims for damages, attorneys' fees, and related costs under BIPA. Defendant thus desires to resolve finally and completely the pending and potential claims of Plaintiffs and the Settlement Classes.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Classes, and Defendant that, subject to the approval of the Court after a hearing as provided for in this Settlement Agreement, and in consideration of the benefits

flowing to the Parties from the Settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

<u>**AGREEMENT**</u>

**1. DEFINITIONS**

In addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

1.1    "**Action**" means the case captioned *Sosa v. Onfido, Inc.*, No. 20-cv-04247 (N.D. Ill.), as amended.

1.2    "**Agreement**" or "**Settlement Agreement**" or "**Settlement**" means this Class Action Settlement Agreement and the attached Exhibits.

1.3    "**Approved FI Class Claim**" means a Claim Form submitted by a FI Class Member that is (a) timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, (b) fully and truthfully completed with all of the information required of a FI Class Member, and (c) signed by the FI Class Member, physically or electronically.

1.4    "**Approved NFI Class Claim**" means a Claim Form submitted by a NFI Class Member that is (a) timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, (b) fully and truthfully completed with all of the information required of a NFI Class Member, and (c) signed by the NFI Class Member, physically or electronically.

1.5    "**Claims Deadline**" means the date by which all Claim Forms must be postmarked or submitted on the Settlement Website to be considered timely, and shall be set as a

5

date no later than sixty-three (63) days following the Notice Date, subject to Court approval. The Claims Deadline shall be clearly set forth in the order preliminarily approving the Settlement, as well as in the Notice, on the Claim Form, and on the Settlement Website.

     1.6    "**Claim Form**" means the documents substantially in the forms attached hereto as Exhibit B (the online Claim Form) and Exhibits D and F, (the paper Claim Form), as approved by the Court. The Claim Form, which shall be completed by FI Class Members and NFI Class Members who wish to submit a claim for a FI Class Settlement Payment or NFI Class Settlement Payment, shall be available in paper and electronic format. The Claim Form will require claimants to provide the following information: (i) full name, (ii) current U.S. Mail address, (iii) current contact telephone number and email address, and (iv) a statement that he or she uploaded a photo or video of themselves and a photo ID to at least one mobile application, software, or website to verify their identity between June 12, 2015 and the date of the Preliminary Approval Order. The Claim Form will not require notarization, but will require affirmation that the information supplied is true and correct. The online Claim Form will provide the option of having settlement payments transmitted electronically through Venmo, Zelle, or PayPal, or by check via U.S. Mail. Claimants who submit a paper Claim Form that is approved will be sent a check via U.S. Mail.

     1.7    "**Class Counsel**" means attorneys J. Eli Wade-Scott and Schuyler Ufkes of Edelson PC.

     1.8    "**Class Representatives**" or "**Plaintiffs**" means the named Plaintiffs in the Action, Fredy Sosa and Rohith Amruthur.

**Deleted:** their photograph(s)

**Deleted:** an

6

1.9   "**Court**" means the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Marvin E. Aspen presiding, or any judge who shall succeed him as the Judge assigned to the Action.

1.10   "**Defendant**" or "**Onfido**" means Onfido, Inc., a Delaware corporation.

1.11   "**Defendant's Counsel" or "Onfido's Counsel**" means attorneys Joel Griswold, Bonnie Keane DelGobbo, and Amy L. Lenz of Baker & Hostetler LLP.

1.12   "**Effective Date**" means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the FI Class Fee Award, NFI Class Fee Award, or incentive awards, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Approval Order.

1.13   "**Escrow Accounts**" means the two separate, interest-bearing escrow accounts to be established by the Settlement Administrator, from which all payments out of the FI Class Settlement Fund and NFI Class Settlement Fund will be made. The Escrow Accounts shall be established under terms acceptable to Class Counsel and Defendant's Counsel at a depository institution insured by the Federal Deposit Insurance Corporation. The money in the Escrow Accounts shall be invested in the following types of accounts and/or instruments and no other: (a) demand deposit accounts and/or (b) time deposit accounts and certificates of deposit, in either

7

case with maturities of forty-five (45) days or less. Any interest earned on the Escrow Accounts shall be considered part of the respective FI Class Settlement Fund or NFI Class Settlement Fund. The Settlement Administrator shall be responsible for all tax filings with respect to the Escrow Accounts.

    1.14   "**Final Approval Hearing**" means the hearing before the Court where Plaintiffs will request that the Final Approval Order be entered by the Court confirming approval of the Settlement Classes for purposes of Settlement, finally approving the Settlement as fair, reasonable, adequate, and determining the FI Class Fee Award, NFI Class Fee Award, and the incentive awards to the Class Representatives.

    1.15   "**Final Approval Order**" means the final approval order to be entered by the Court confirming approval of the Settlement Classes for purposes of Settlement, approving the settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing, and dismissing the Action with prejudice.

    1.16   "**Financial Institution Customer**" means an entity, or affiliate of an entity, to whom Onfido sold, leased, licensed, or otherwise provided identity verification software or services that is engaged in (a) lending, exchanging, transferring, investing for others, or safeguarding money or securities; (b) providing insurance; (c) providing financial, investment, or economic advisory services; or (d) underwriting, dealing in, or making a market in securities.

    1.17   "**Financial Institution Class**" or "**FI Class**" means all persons who, while within the State of Illinois, uploaded a photo or video of oneself and a photo ID to any application, software, or website operated by a Financial Institution Customer, and subsequently to Onfido, between June 12, 2015 and the date of the Preliminary Approval Order. Excluded from the FI Class are (1) persons who executed a written release or consent form specifically naming Onfido

Deleted: their photograph(s)

Deleted: an

8

as being authorized to collect or store their alleged biometric data, before their alleged biometric data was ever collected or stored by Onfido, (2) any Judge or Magistrate presiding over this action and members of their families, (3) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (4) persons who properly execute and file a timely request for exclusion from the FI Class, and (5) the legal representatives, successors or assigns of any such excluded persons.

1.18    "**Financial Institution Class Member**" or "**FI Class Member**" means a person who falls within the definition of the FI Class and who does not submit a valid request for exclusion from the FI Class.

1.19    "**FI Class Fee Award**" means the amount of attorneys' fees and reimbursement of expenses awarded to Class Counsel by the Court to be paid out of the FI Class Settlement Fund.

1.20    "**FI Class Settlement Fund**" means the non-reversionary cash settlement fund that shall be established by Defendant in the amount of Twelve Million Seven Hundred Eighty-Five Thousand Five Hundred Ninety-Five Dollars and Ninety Cents ($12,785,595.90), plus all interest earned thereon, which shall be deposited into the Escrow Account by Defendant in accordance with the funding schedule set forth in Exhibit A. From the FI Class Settlement Fund, the Settlement Administrator shall pay (i) Approved FI Class Claims, (ii) a proportional amount of the Settlement Administration Expenses, (iii) any incentive award to Plaintiff Rohith Amruthur, and (iv) any FI Class Fee Award. The FI Class Settlement Fund represents extent of Defendant's monetary obligations under this Agreement to the FI Class. The FI Class Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. In no

9

event shall any amount paid by Defendant into the Escrow Account, or any interest earned thereon, revert to Defendant or any other Released Party, except as set forth in Paragraph 9 of this Agreement.

 1.21 "**FI Class Settlement Payment**" means a *pro rata* portion of the FI Class Settlement Fund less any FI Class Fee Award, incentive award to Plaintiff Rohith Amruthur, and Settlement Administration Expenses attributable to the FI Class.

 1.22 "**Non-Financial Institution Customer**" means any entity, or affiliate of any entity, to whom Onfido sold, leased, licensed, or otherwise provided identity verification software or services that is not a Financial Institution Customer.

 1.23 "**Non-Financial Institution Class**" or "**NFI Class**" means all persons who, while within the State of Illinois, uploaded a photo or video of oneself and a photo ID to any application, software, or website operated by a Non-Financial Institution Customer, and subsequently to Onfido, between June 12, 2015 and the date of the Preliminary Approval Order. Excluded from the NFI Class are (1) persons who executed a written release or consent form specifically naming Onfido as being authorized to collect or store their alleged biometric data, before their alleged biometric data was ever collected or stored by Onfido, (2) any Judge or Magistrate presiding over this action and members of their families, (3) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (4) persons who properly execute and file a timely request for exclusion from the Settlement Classes, and (5) the legal representatives, successors or assigns of any such excluded persons.

Deleted: their photograph(s)

Deleted: an

1.24    "**Non-Financial Institution Class Member**" or "**NFI Class Member**" means a person who falls within the definition of the NFI Class and who does not submit a valid request for exclusion from the NFI Class.

1.25    "**NFI Class Fee Award**" means the amount of attorneys' fees and reimbursement of expenses awarded to Class Counsel by the Court to be paid out of the NFI Class Settlement Fund.

1.26    "**NFI Class Settlement Fund**" means the non-reversionary cash settlement fund that shall be established by Defendant in the amount of Fifteen Million Seven Hundred Fourteen Thousand Four Hundred Four Dollars and Ten Cents ($15,714,404.10), plus all interest earned thereon, which shall be deposited into the Escrow Account by Defendant in accordance with the funding schedule set forth in Exhibit A. From the NFI Class Settlement Fund, the Settlement Administrator shall pay (i) Approved NFI Class Claims, (ii) a proportional amount of the Settlement Administration Expenses, (iii) any incentive award to Plaintiff Fredy Sosa, and (iv) any NFI Class Fee Award. The NFI Class Settlement Fund represents extent of Defendant's monetary obligations under this Agreement to the NFI Class. The NFI Class Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. In no event shall any amount paid by Defendant into the Escrow Account, or any interest earned thereon, revert to Defendant or any other Released Party, except as set forth in Paragraph 9 of this Agreement.

1.27    "**NFI Class Settlement Payment**" means a *pro rata* portion of the NFI Class Settlement Fund less any NFI Class Fee Award, incentive award to Plaintiff Fredy Sosa, and Settlement Administration Expenses attributable to the NFI Class.

11

1.28    "**Notice**" means the notice of the proposed Settlement and Final Approval

Hearing, which is to be disseminated to the FI Class and NFI Class substantially in the manner

set forth in this Settlement Agreement, fulfills the requirements of Due Process and Federal Rule

of Civil Procedure 23, and is substantially in the form of Exhibits C–G attached hereto.

1.29    "**Notice Date**" means the date by which the Notice is disseminated to the

Settlement Classes, which shall be a date no later than (i) twenty-eight (28) days after entry of

the Preliminary Approval Order, or (ii) twenty-eight (28) days after the final Class List is

compiled as described in Section 4.1, whichever occurs later.

1.30    "**Objection/Exclusion Deadline**" means the date by which a written objection to

the Settlement Agreement by a FI Class Member or NFI Class Member must be filed with the

Court or a request for exclusion submitted by a member of the FI Class or NFI Class must be

postmarked or received by the Settlement Administrator, which shall be designated as a date

fifty-six (56) days after the Notice Date, as approved by the Court. The Objection/Exclusion

Deadline will be set forth in the Notice and on the Settlement Website.

1.31    "**Preliminary Approval Order**" means the Court's order preliminarily approving

the Agreement, appointing Class Counsel, certifying and/or finding the Settlement Classes are

likely to be certified for purposes of entering the Final Approval Order, and approving the form

and manner of the Notice.

1.32    "**Released Claims**" means all claims, liabilities, demands, causes of action, or

lawsuits, whether known or unknown (including "Unknown Claims" as defined below), whether

legal, statutory, equitable, or of any other type or form, whether under federal, state, or local law,

and whether brought in an individual, representative, or any other capacity, arising from or

relating to Onfido's alleged collection, possession, capture, purchase, receipt through trade,

> **Deleted:** alleged biometric identifiers of any kind (including a retina or iris scan, fingerprint, voiceprint, scan of hand, scan of face geometry, or measurement of any biological feature) and/or alleged biometric information of any kind (including any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual) derived from images and information submitted to Onfido and Released Parties and…

12

obtaining, sale, profit from, disclosure, redisclosure, dissemination, storage, transmittal, and/or protection from disclosure of (1) alleged scans of a face, scans of a retina or iris, and/or voiceprints derived from a photo or video submitted to Onfido and/or Released Parties and/or (2) any alleged biometric information, regardless of how it is captured, converted, stored, or shared, based on an individual's scan of a face, scan of a retina or iris, and/or voiceprint derived from the same photo or video, used to identify the individual, including, but not limited to, claims under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, and any other federal, state, or local law, regulation, or ordinance, or common law.

**Deleted:** identifiers or biometric

     1.33   "**Released Parties**" means Onfido, and its corporate parents, subsidiaries, principals, investors, owners, members, controlling shareholders, trustees, estates, heirs, executors, and administrators, along with the officers, directors, shareholders, employees, attorneys, representatives, agents, insurers, reinsurers, vendors, successors, predecessors, and assigns of such persons or entities. Released Parties shall not include Defendant's customers (including, specifically, customers to whom Onfido sold, leased, licensed, or otherwise provided identity verification software or services).

     1.34   "**Releasing Parties**" means Plaintiffs and the FI Class Members and NFI Class Members and their respective present or past heirs, executors, estates, administrators, trustees, assigns, agents, consultants, independent contractors, insurers, reinsurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities.

     1.35   "**Settlement Administration Expenses**" means the expenses reasonably incurred by the Settlement Administrator in or relating to administering the Settlement, including expenses related to providing Notice, creating and maintaining the Settlement Website, receiving

13

and processing Claim Forms, disbursing payments and mailing checks for settlement payments, and paying related tax expenses, fees of the escrow agent, and other such related expenses, with all such expenses to be proportionally paid from the FI Class Settlement Fund and NFI Class Settlement Fund, such that Settlement Administration Expenses incurred on behalf of both Settlement Classes shall be paid equally from the FI Class Settlement Fund and NFI Class Settlement Fund, and Settlement Administration Expenses incurred on behalf of only one settlement class shall be paid only from that settlement class's settlement fund.

1.36    "**Settlement Administrator**" means Simpluris, Inc., subject to approval of the Court, which will provide the Notice, create and maintain the Settlement Website, receive and process Claim Forms, send settlement payments to members of the Settlement Classes who submit approved claims, be responsible for tax reporting, and perform such other settlement administration matters set forth herein or contemplated by the Settlement.

1.37    "**Settlement Classes**" means all persons who are members of the FI Class and NFI Class, collectively.

1.38    **"Settlement Website"** means the website to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms and provides access to relevant case documents including the Notice, information about the submission of Claim Forms and other relevant documents.

1.39    "**Unknown Claims**" means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived

14

and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of

§ 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have,

waived any and all provisions, rights and benefits conferred by any law of any state or territory

of the United States, or principle of common law, or the law of any jurisdiction outside of the

United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

The Releasing Parties acknowledge that they may discover facts in addition to or different from

those that they now know or believe to be true with respect to the subject matter of this release,

but that it is their intention to finally and forever settle and release the Released Claims,

notwithstanding any Unknown Claims they may have, as that term is defined in this paragraph.

**2. SETTLEMENT RELIEF**

2.1 **Settlement Payments to FI Class Members and NFI Class Members**.

a. FI Class Members and NFI Class Members shall have until the Claims

Deadline to submit Claim Forms. FI Class Members who submit an Approved FI Class

Claim shall be entitled to a FI Class Settlement Payment, and NFI Class Members who

submit an Approved NFI Class Claim shall be entitled to a NFI Class Settlement

Payment.

b. The Settlement Administrator shall have sole and final authority for

determining if FI Class Members' and NFI Class Members' Claim Forms are complete,

timely, and accepted as an Approved FI Class Claim or Approved NFI Class Claim,

15

respectively.

        c.    *Electronic Payments.* FI Class Members and NFI Class Members who select an electronic payment method will receive their FI Class Settlement Payment and NFI Class Settlement Payment, respectively, in four installments, as follows:

        i.    Within twenty-eight (28) days of the Effective Date, or such other date as the Court may set, the Settlement Administrator shall send the first of four FI Class Settlement Payments from the FI Class Settlement Fund, and the first of four NFI Class Settlement Payments from the NFI Class Settlement Fund, by electronic deposit to the Venmo, Zelle, or PayPal account provided on the approved Claim Forms.

        ii.    The subsequent three (3) installments of the FI Class Settlement Payments and NFI Class Settlement Payments will be made in the same manner, within sixty (60) days of Defendant's funding the Escrow Account one (1) year after final approval, two (2) years after final approval, and three (3) years after final approval, as set forth in Exhibit A.

        iii.    The first installment of the FI Class Settlement Payments and NFI Class Settlement Payments will account for approximately 25% of the total payment, the second installment will account for approximately 20% of the total payment, the third installment will account for approximately 20% of the total payment, and the fourth installment will account for approximately 35% of the total payment.

        d.    *Check Payments.* FI Class Members and NFI Class Members who select a paper check (by choice or by default if they do not choose an electronic payment method)

16

will receive their FI Class Settlement Payment and NFI Class Settlement Payment, respectively, in two installments, as follows:

    i.   Within twenty-eight (28) days of the Effective Date, or such other date as the Court may set, the Settlement Administrator shall send the first of two FI Class Settlement Payments from the FI Class Settlement Fund, and the first of two NFI Class Settlement Payments from the NFI Class Settlement Fund, by First Class U.S. Mail to the address provided on the approved Claim Forms.

    ii.   The second installment of the FI Class Settlement Payments and NFI Class Settlement Payments will be made in the same manner, within sixty (60) days of Defendant's fully funding the Escrow Account three (3) years after final approval, as set forth in Exhibit A.

    iii.   The first installment of the FI Class Settlement Payments and NFI Class Settlement Payments will account for approximately 25% of the total payment, and the second and final installment will account for approximately 75% of the total payment.

    e.    In the event that any of the four electronic deposits to a FI Class Member or NFI Class Member are unable to be processed, the Settlement Administrator shall attempt to contact the class member within thirty (30) calendar days of each failed attempt to correct the problem.

    f.    Each check issued to a FI Class Member and NFI Class Member will state on the face of the check that it will become null and void unless cashed or deposited within one hundred and eighty (180) calendar days after the date of issuance.

17

g. To the extent that any of the first checks issued are not cashed or deposited within one hundred eighty (180) days after the date of issuance, or any of the first three (3) electronic deposits are unable to be processed within one hundred eighty (180) days of the first attempt, such funds shall be returned to the respective settlement funds from which they were withdrawn for *pro rata* distribution in the remaining FI Class Settlement Payments and NFI Class Settlement Payments.

h. To the extent that a final check is not cashed or deposited within one hundred eighty (180) days after the date of issuance, or a final electronic deposit is unable to be processed within one hundred eighty (180) days of the first attempt, such funds shall be returned to the respective settlement funds from which they were withdrawn and shall first be re-distributed to FI Class Members and NFI Class Members who successfully cashed their first check or successfully received at least one electronic payment, if feasible and in the interests of each class.

i. If redistribution is not feasible for any given class, or if residual funds remain in the any of the settlement funds after redistribution, the Settlement Administrator shall distribute such funds to the Unclaimed Property Division of the Illinois Treasurer's Office, subject to approval by the Court, and shall identify to the Illinois Treasurer's Office each individual claimant who did not cash or deposit their final check or did not successfully receive their final e-payment and the amount each individual claimant did not cash, deposit, or successfully receive. If the Court does not approve distributing the residual funds to the Unclaimed Property Division, such residual funds shall be distributed to a *cy pres* recipient selected by the Court.

18

2.2     Any person who is a NFI Class Member and also a FI Class Member and submits an approved claim shall receive one NFI Class Settlement Payment.

2.3     **Delinquent or Missed Installment Payments:** If Defendant fails to timely make any installment payment to the FI Class Settlement Fund or NFI Class Settlement Fund, as detailed in Exhibit A, Defendant shall have thirty (30) days from the date that the installment payment was due to make the delinquent payment (the "Grace Period"). Defendant agrees that if any Grace Period expires without Defendant having paid the amount due, Defendant shall pay the amount due and payable with interest earned daily thereon at the rate of nine percent (9%) per annum. If Defendant fails to pay any amount due and payable, plus interest earned thereon, within one hundred and twenty (120) days of any due date, the Release set forth in Paragraph 3 and the Final Approval Order will become void and Defendant will be without recourse for any amount Defendant already deposited into the Escrow Accounts.

2.4     **Prospective Relief.**

a.     With respect to Onfido customers that have users who reside in Illinois, Defendant agrees that, on or before the Effective Date, it shall implement and maintain, or continue to maintain, the following policies and procedures:

i.     Defendant shall (i) provide its customers with a suggested informed written consent form, (ii) instruct its customers to use the latest releases of its Software Development Kit (SDK) which contains a written consent form ("Onfido Consent Screens") or otherwise instruct that equivalent language to the consent form is viewed and agreed to by its customers' users who reside in Illinois before any facial recognition or identity verification is performed, and (iii)

19

require customers that have users who reside in Illinois to confirm annually for the next two years that they are either using the Onfido Consent Screens or are otherwise complying with BIPA;

ii.    Defendant shall establish and maintain, or continue to maintain, a written policy, made available to the public on its website, creating a retention schedule and guidelines for permanently destroying any biometric data, when the initial purpose for collecting or obtaining such biometric data has been satisfied or within three (3) years of the individual's last interaction with Defendant, whichever occurs first; and

iii.    Defendant shall delete the biometric data of Illinois residents pursuant to its retention schedule and deletion policy.

b.      Nothing in this Section 2.4 imposes obligations on Defendant that are different than required under BIPA and caselaw interpreting the same nor prohibits Defendant from modifying, amending, or eliminating the consent form and written policy to the extent consistent with BIPA and caselaw interpreting the same.

## 3.  RELEASE

3.1     **The Release.** Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties, and each of them, shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged the Released Parties from any and all Released Claims.

## 4.  NOTICE TO THE CLASS

**Deleted:** , such as provided for in the attached Exhibit I…

4.1 **The Class List.**

    a.    Defendant represents that, on December 16, 2022, it reached out to its customers that account for over 98% of the total number of people who submitted Illinois IDs with selfies for identity verification, requesting that such customers voluntarily provide Defendant or the Settlement Administrator the available names, email addresses, and mailing addresses of all of their users who have Illinois addresses and who submitted an ID and a selfie for identity verification since June 12, 2015 (the "Contact Information").

    b.    If, by April 19, 2023, any Onfido customer has failed to voluntarily provide Contact Information to Onfido or the Settlement Administrator (the "Refusing Customers"), Onfido shall provide Plaintiffs the name and business address of each Refusing Customer, and any other third parties whom Onfido knows is in possession of any Refusing Customer's users' Contact Information, so that Plaintiffs may issue subpoenas to such Refusing Customers or other third parties. Plaintiffs' subpoenas will provide respondents with the option to provide Contact Information directly to the Settlement Administrator. Any Onfido customer who voluntarily provides Contact Information to the Settlement Administrator shall not be deemed to admit or concede that it is subject to BIPA or otherwise waive any defense to BIPA.

    c.    All Contact Information provided to the Settlement Administrator will be compiled by the Settlement Administrator to form a class list (the "Class List"). Within two (2) days after the Class List is compiled, the Settlement Administrator shall provide Class Counsel a report detailing the total number of unique names on the Class List, the number of unique names for whom a U.S. Mail address is available on the Class List, the

**Deleted:** March 8

21

number of unique names for whom an email address is available on the Class List, and the number of unique names for whom no address or email address is available on the Class List. The Settlement Administrator shall keep the Class List, and all Contact Information contained therein, strictly confidential. Under no circumstances shall the Class List, in whole in part, be made available to anyone other than the Settlement Administrator. The Class List may not be used by the Settlement Administrator for any purpose other than advising specific individual members of the Settlement Classes of their rights, mailing settlement payments, and otherwise effectuating the terms of the Settlement Agreement or the duties arising thereunder, including the provision of Notice of the Settlement.

       d.     Upon the request of a Customer, the Settlement Administrator shall enter into one or more confidentiality agreements with Customer providing the Contact Information to ensure the confidentiality of such information and such Customer shall be a third-party beneficiary to this Agreement only for the purpose of enforcing this Paragraph 4.1(d).

4.2     **The Customer List.**

       a.     Within ten (10) business days after the Preliminary Approval Order, Defendant shall provide the Settlement Administrator, and only the Settlement Administrator, a list of its customers whose users submitted Illinois IDs with selfies during the class period (the "Customer List"), solely for the purposes of validating Claim Forms and providing, in each case in accordance with applicable law, digital notice via targeted Google and/or Facebook advertisements to members of the Settlement Classes for whom neither an address or email address is available. The Customer List will

indicate whether each customer is a Financial Institution Customer or a Non-Financial Institution Customer.

      b.      The Claim Form, Notice, and any other documents related to the settlement shall not contain the name of any Onfido customers.

      c.      The Settlement Administrator shall not disclose the name of any Onfido customers to anyone other than a limited number of individuals within Google and/or Facebook on a need-to-know basis for the purpose of providing Targeted Advertising Notice, and in each case subject to rigorous confidentiality obligations. It is a material term of this Settlement Agreement that the Settlement Administrator enter into a confidentiality agreement with Defendant to ensure that the Customer List is treated consistent with this paragraph.

4.3    The Notice shall include the best notice practicable, including but not limited to:

      a.     *Update Addresses.* Prior to mailing any Notice, the Settlement Administrator will update the U.S. Mail addresses of persons on the Class List using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator. The Settlement Administrator shall take all reasonable steps to obtain the correct address of any class members for whom Notice is returned by the U.S. Postal Service as undeliverable and shall attempt re-mailings as described below in Section 5.1.

      b.     *Direct Notice.* No later than the Notice Date, the Settlement Administrator shall (1) send Notice via First Class U.S. Mail substantially in the form of Exhibits D (to the FI Class) and F (to the NFI Class) to all persons for whom a physical address is available in the Class List and (2) shall send Notice via email substantially in

23

the form of Exhibits C (to the FI Class) and E (to the NFI Class) to all persons for whom an email address is available in the Class List.

      c.    *Reminder Notice*. Thirty (30) calendar days prior to the Claims Deadline and seven (7) calendar days prior to the Claims Deadline, the Settlement Administrator shall again send Notice via email along with an electronic link to the Claim Form, to all persons on the Class List for whom a valid email address is available and who, at those points, have not submitted a Claim Form. The reminder notices shall be substantially in the form of Exhibits C (to the FI Class) and E (to the NFI Class), with minor, non-material modifications to indicate that they are reminder notices rather than initial notices. If the number of Claim Forms submitted by FI Class Members and NFI Class Members does not equal at least ten percent (10%) of each respective class, then the Settlement Administrator shall send a final reminder notice via email two (2) business days before the Claims Deadline substantially in the form of Exhibits C (to the FI Class) and E (to the NFI Class), with minor, non-material modifications to indicate that it is a final reminder notice.

      d.    *Internet Notice.* Within twenty-one (21) days after the entry of the Preliminary Approval Order, the Settlement Administrator will develop, host, administer and maintain a Settlement Website containing the notice substantially in the form of Exhibit G.

      e.    *Targeted Advertising.* The Settlement Administrator shall place targeted advertisements on Facebook and/or Google, which shall direct them to the Settlement Website, no later than the Notice Date. The Settlement Administrator shall ensure that such targeted advertisements are placed in compliance with applicable privacy laws.

   f. *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, Defendant, through the Settlement Administrator, shall cause to be served upon the Attorneys General of each U.S. State in which members of the Settlement Classes reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

   4.4 The Notice shall advise the Settlement Classes of their rights under the Settlement, including the right to be excluded from or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the person making an objection shall file notice of his or her intention to do so and at the same time (a) files copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) files copies of such papers through the Court's CM/ECF system if the objection is from a FI Class Member or NFI Class Member represented by counsel, who must also file an appearance, and (c) sends copies of such papers via email, U.S. Mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

   4.5 **Right to Object or Comment.** Any FI Class Member or NFI Class Member who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the objector's full name and current address, (b) a statement that he or she believes himself or herself to be a member of the FI Class or NFI Class, (c) whether the objection applies only to the objector, to a specific subset of the FI

Class or NFI Class, or to the entire FI Class or NFI Class, (d) the specific grounds for the objection, (e) all documents or writings that the objector desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). All written objections must be filed with the Court and postmarked, emailed, or delivered to Class Counsel and Defendant's Counsel no later than the Objection/Exclusion Deadline. Any FI Class Member and/or NFI Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement, the Final Approval Order, or Alternative Approval Order, by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

4.6    **Right to Request Exclusion.** Any person in the FI Class or NFI Class may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Sosa v. Onfido, Inc.*, No. 20-cv-04247 (N.D. Ill.); (c) state the full name and current address of the person seeking exclusion; (d) be signed by the person seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion

26

Deadline. The Settlement Administrator shall create a dedicated email address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Classes in *Sosa v. Onfido, Inc.*, 20-cv-04247 (N.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address or email address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain FI Class Members and/or NFI Class Members and shall be bound by this Settlement Agreement, if approved. Any person who elects to request exclusion from the Settlement Classes in compliance with this provision shall not (a) be bound by any orders or the Final Approval Order entered in the Action, (b) receive a settlement payment under this Settlement Agreement, (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement or the Final Approval Order or Alternative Approval Order. No person may request to be excluded from the Settlement Classes through "mass" or "class" opt-outs, meaning, *inter alia*, that each individual who seeks to opt out must send an individual, separate request to the Settlement Administrator that complies with all requirements of this paragraph.  Any person who requests to exclude themselves from this Settlement pursuant to this Paragraph is voluntarily: (1) disclosing their identity to the Settlement Administrator and authorizing the Settlement Administrator to disclose the first letter of their first name and the first three letters of their last name to Class Counsel, and (2) consenting to the inclusion of the first letter of their first name, and the first three letters of their last name in the Final Approval Order.

**5. SETTLEMENT ADMINISTRATION**

5.1 **Settlement Administrator's Duties.**

a. *Dissemination of Notices.* The Settlement Administrator shall disseminate the Notice as provided in Section 4 of this Settlement Agreement.

b. *Undeliverable Direct Notice.* If any Notice sent via U.S. Mail is returned as undeliverable, the Settlement Administrator shall forward it to any forwarding addresses provided by the U.S. Postal Service. If no such forwarding address is provided, the Settlement Administrator shall perform skip traces to attempt to obtain the most recent addresses for such members of the Settlement Classes. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

c. *Maintenance of Records.* The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as required by applicable law and such records will be made available to Class Counsel and Defendant's Counsel upon request, except that Plaintiffs and Class Counsel shall not have access to the Customer List or Contact Information on the Class List. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning the Notice, the number of Claim Forms submitted, the number of approved claims, any requests for exclusion, and the administration and implementation of the Settlement. The Settlement Administrator shall make available for

inspection by Class Counsel and Defendant's Counsel the Claim Forms received by the Settlement Administrator, from which the names and contact information have been redacted, at any time upon reasonable notice. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a post-distribution accounting of all settlement payments, the number and value of checks not cashed, the number and value of electronic payments unprocessed, the amount redistributed to claimants, and the amount distributed to the state or *cy pres* recipient, if any.

   d. *Receipt of Requests for Exclusion.* The Settlement Administrator shall receive requests for exclusion from persons in the Settlement Classes. The Settlement Administrator will provide to Class Counsel and Defendant's Counsel the number of requests for exclusions and a copy of each request for exclusion, from which all contact information besides the unique notice control numbers, the first letter of the first name, and the first three letters of the last name of such persons have been redacted, within five (5) days after the Objection/Exclusion Deadline. If the Settlement Administrator receives any requests for exclusion or other requests after the Objection/Exclusion Deadline, the Settlement Administrator shall promptly provide copies thereof, from which all contact information besides the unique notice control numbers, the first letter of the first name, and the first three letters of the last name of such persons have been redacted, to Class Counsel and Defendant's Counsel.

   e. *Creation of Settlement Website.* The Settlement Administrator shall create the Settlement Website. The Settlement Website shall include a toll-free telephone phone number and mailing address through which class members may contact the Settlement

29

Administrator or Class Counsel directly, and include the ability for FI Class Members and NFI Class Members to submit Claim Forms online.

   f. *Processing Claim Forms*. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud, including by cross-referencing information from submitted Claim Forms with the Class List and Customer List. The Settlement Administrator shall determine whether a Claim Form submitted by a person is an Approved FI Class Claim or Approved NFI Class Claim and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or (b) provide full and complete information as requested on the Claim Form. In the event a person submits a timely Claim Form by the Claims Deadline, but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such person reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than twenty-eight (28) calendar days after the Settlement Administrator's request for additional information. In the event the Settlement Administrator receives such information after more than twenty-eight (28) calendar days, then any such claim shall be denied. The Settlement Administrator may contact any person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form. The Claim Forms will be exclusively returnable to the Settlement Administrator and the identities and contact information in the Claim Forms shall be

treated as confidential by the Settlement Administrator and not provided to anyone. Notwithstanding the foregoing, the Settlement Administrator may disclose the unique notice control numbers of members of the Settlement Classes to Class Counsel.

g.      Forty-one (41) days after the Notice Date (i.e., fifteen (15) days before the Objection/Exclusion Deadline), the Settlement Administrator shall provide Class Counsel a preliminary report detailing, to date, the number of Claim Forms submitted, the number of Claim Forms it has processed, and the number of Claim Forms it has initially approved as Approved FI Class Claims and Approved NFI Class Claims.

h.      *Establishment of the Escrow Accounts.* The Settlement Administrator shall establish the three Escrow Accounts, pursuant to the terms of Section 1.13, and maintain the Escrow Accounts as qualified settlement funds throughout the implementation of the Settlement in accordance with the Court's Preliminary Approval Order and Final Approval Order.

i.      *Tax Reporting.* The Settlement Administrator shall be responsible for all tax filings related to the Escrow Account.

## 6. PRELIMINARY APPROVAL AND FINAL APPROVAL

6.1     **Preliminary Approval.** Promptly after execution of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and shall move the Court to enter a Preliminary Approval Order, which shall include, among other provisions, a request that the Court:

a.      appoint Class Counsel and the Class Representatives;

b.      certify the FI Class and NFI Class for settlement purposes only and/or find that the Settlement Classes are likely to be certified for purposes of entering the Final

Approval Order under Federal Rule of Civil Procedure 23;

       c.      preliminarily approve this Settlement Agreement for purposes of disseminating Notice to the Settlement Classes;

       d.      approve the form and contents of the Notice and the method of its dissemination to the Settlement Classes; and

       e.      schedule a Final Approval Hearing after the expiration of the CAFA notice period, to review any comments and/or objections regarding this Agreement, to consider its fairness, reasonableness and adequacy, to consider the application for the FI Class Fee Award and NFI Class Fee Award, and incentive awards to the Class Representatives, and to consider whether the Court shall enter a Final Approval Order approving this Agreement, confirming certification of the Settlement Classes, and dismissing the Action with prejudice.

      6.2    **Final Approval.** After Notice to the Settlement Classes is disseminated, Class Counsel shall move the Court for entry of a Final Approval Order, which shall include, among other provisions, a request that the Court:

       a.      find that it has personal jurisdiction over all FI Class Members and NFI Class Members, and subject matter jurisdiction to approve this Settlement Agreement, including all attached exhibits;

       b.      approve the Settlement as fair, reasonable and adequate as to, and in the best interests of, the FI Class Members and NFI Class Members;

       c.      direct the Parties and their counsel to implement and consummate the Settlement according to its terms and conditions;

d.      declare the Settlement to have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other FI Class Members, NFI Class Members, and Releasing Parties;

e.      find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Classes of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (4) fulfills the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the rules of the Court, and complies with applicable privacy laws;

f.      finally certify or confirm certification of the Settlement Classes under Federal Rule of Civil Procedure 23, including finding that the Class Representatives and Class Counsel adequately represented the Settlement Classes for purposes of entering into and implementing the Settlement Agreement;

g.      dismiss the Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

h.      incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

i.      authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all Exhibits to this Settlement Agreement) that (i)

33

shall be consistent in all material respects with the Final Approval Order, and (ii) do not

limit the rights of FI Class Members and NFI Class Members; and

j.      without affecting the finality of the Final Approval Order, stating that the

Parties will submit to the jurisdiction of the Court as to all matters relating to

administration, consummation, enforcement and interpretation of the Settlement

Agreement and the Final Approval Order, and for any other necessary purpose, to the

extent a subsequent action is necessary to effectuate such purpose.

6.3     **Cooperation.** The Parties shall, in good faith, cooperate, assist and undertake all

reasonably necessary actions and steps in order to accomplish these required events on the

schedule set by the Court, subject to the terms of this Settlement Agreement.

**7.      TERMINATION OF THE SETTLEMENT AGREEMENT**

7.1     **Termination.**  Subject to Section 9 below, the Class Representatives, on behalf of

the respective Settlement Classes, or Defendant, shall have the right to terminate this Agreement

by providing written notice of the election to do so to Class Counsel or Defendant's Counsel

within ten (10) days of any of the following events: (i) the Court's refusal to enter the

Preliminary Approval Order approving of this Agreement in any material respect;  (ii) the

Court's refusal to enter the Final Approval Order in this Action in any material respect; (iii) the

Court's refusal to enter a final judgment in this Action in any material respect; (iv) the date upon

which the Final Approval Order is modified or reversed in any material respect by the Court of

Appeals or the Supreme Court; or (v) the date upon which an Alternative Approval Order is

entered, as defined in Section 9.1 of this Agreement, is modified or reversed in any material

respect by the Court of Appeals or the Supreme Court.

34

7.2     Defendant may terminate this Agreement in the event that more than 10,000 individuals included on the Class List submit timely and valid requests for exclusion from the Settlement, provided that Defendant provides written notice of the election to do so to Class Counsel within ten (10) days after the Objection/Exclusion Deadline.

**8.     INCENTIVE AWARDS AND CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

8.1     As part of the Settlement, Defendant agrees that Class Counsel is entitled to reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the FI Class Fee Award from the FI Class Settlement Fund, and the NFI Class Fee Award from the NFI Class Settlement Fund. The amount of the FI Class Fee Award and NFI Class Fee Award shall be determined by the Court based on petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendant, to limit their request for attorneys' fees and unreimbursed costs to thirty-three percent (33%) of the FI Class Settlement Fund, and thirty-three percent (33%) of the NFI Class Settlement Fund, after Settlement Administration Expenses and any incentive awards are deducted from each respective fund. Defendant may challenge the amount requested. Should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the FI Class Settlement Fund and/or NFI Class Settlement Fund and be distributed to class members as settlement payments.

8.2     The FI Class Fee Award and NFI Class Fee Award shall be payable from the FI Class Settlement Fund and NFI Class Settlement Fund, respectively, on the same schedule and in the same proportions as the electronic deposits to FI Class Members and NFI Class Members outlined in Paragraph 2.1(c) and Exhibit A. Payment of each installment of the FI Class Fee Award and NFI Class Fee Award shall be made by the Settlement Administrator via wire

transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

8.3     In addition to any payment to which they may be entitled under this Agreement, and in recognition of the time and effort they expended on behalf of the FI Class and NFI Class, respectively, the Class Representatives shall each be paid an incentive award in the amount of Five Thousand Dollars ($5,000.00), subject to the Court's approval.

a.     Plaintiff Rohith Amruthur shall be paid the incentive award, as determined by the Court, from the FI Class Settlement Fund within five (5) business days after entry of the Final Approval Order, if there are no objections to the Settlement Agreement, and if there have been such objections, within five (5) business days after the Effective Date. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the FI Class Settlement Fund and be distributed to claiming FI Class Members as FI Class Settlement Payments.

b.     Plaintiff Fredy Sosa shall be paid the incentive award, as determined by the Court, from the NFI Class Settlement Fund within five (5) business days after entry of the Final Approval Order, if there are no objections to the Settlement Agreement, and if there have been such objections, within five (5) business days after the Effective Date. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the NFI Class Settlement Fund and be distributed to claiming NFI Class Members as NFI Class Settlement Payments.

36

**9.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1     The Effective Date shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs subject to the provisions in Section 1.12:

a.      This Agreement has been signed by the Parties, Class Counsel and Defendant's Counsel;

b.      The Court has entered a Preliminary Approval Order approving the Agreement;

c.      The Court has entered a Final Approval Order finally approving the Agreement, or a judgment substantially consistent with this Settlement Agreement that has become final and unappealable, following Notice to the Settlement Classes and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure; and

d.      In the event that the Court enters an approval order and final judgment in a form other than that provided above ("Alternative Approval Order") to which the Parties have consented, that Alternative Approval Order has become final and unappealable.

9.2     If some or all of the conditions specified in Section 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated subject to Section 9.3, unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Settlement Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Settlement Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of

37

the FI Class Fee Award or NFI Class Fee Award to Class Counsel set forth above or the incentive awards to the Class Representatives, regardless of the amounts awarded shall not prevent the Settlement Agreement from becoming effective and settlement payments being distributed, nor shall they be grounds for termination of the Agreement.

9.3     If this Settlement Agreement is terminated or fails to become effective for the reasons set forth above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Approval Order or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Settlement Agreement had never been entered into.

9.4     In the event the Settlement is terminated or fails to become effective for any reason, the FI Class Settlement Fund and the NFI Class Settlement Fund, together with any earnings thereon at the same rate as earned, less any taxes paid or due, less Settlement Administrative Expenses actually incurred and paid or payable from the respective settlement funds, shall be returned to Defendant within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Defendant's Counsel to the Settlement Administrator.

**10.     MISCELLANEOUS PROVISIONS.**

10.1     The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one

38

another to the extent reasonably necessary in seeking entry of the Preliminary Approval Order and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

10.2    Each signatory to this Agreement represents and warrants (a) that the signatory has all requisite power and authority to execute, deliver and perform this Settlement Agreement and to consummate the transactions contemplated herein, (b) that the execution, delivery and performance of this Settlement Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

10.3    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the FI Class Members and NFI Class Members, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

10.4    The Parties have relied upon the advice and representation of their respective counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

10.5    Whether the Effective Date occurs or this Settlement is terminated, neither this Settlement Agreement nor the Settlement contained herein, nor any court order, communication,

act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement:

      a.     is, may be deemed, or shall be used, offered or received against the Released Parties or Onfido's customers, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement funds, the settlement payments or the fee awards, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties or Onfido's customers, or any of them;

      b.     is, may be deemed, or shall be used, offered or received against Defendant or Onfido's customers as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties or Onfido's customers, or any of them;

      c.     is, may be deemed, or shall be used, offered or received against Plaintiffs or the Settlement Classes, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

      d.     is, may be deemed, or shall be used, offered or received against the Released Parties or Onfido's customers, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties or Onfido's customers, in any civil, criminal or administrative

proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement to the extent consistent with the confidentiality obligations contained in this Settlement Agreement. Moreover, if this Settlement Agreement is approved by the Court, any of the Released Parties may file this Settlement Agreement and/or the Final Approval Order in any action that may be brought against such parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

e.     is, may be deemed, or shall be construed against Plaintiffs and the Settlement Classes, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

f.     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Settlement Classes, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.6     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

41

10.7    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

10.8    All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

10.9    This Settlement Agreement and its Exhibits A–G set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits A–G other than the representations, warranties and covenants contained and memorialized in such documents. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.10   Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

10.11   Plaintiffs represent and warrant that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that they are fully entitled to release the same.

10.12   Each counsel or other person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

10.13   This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.14   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

10.15   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

10.16   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

10.17   No Tax Advice.  No provision of this Agreement, and no written communication or disclosure between or among the Parties or any attorney for any of the Parties is or was intended to be, nor will be construed or relied upon as, tax advice.  Each of the Parties has relied exclusively upon his/her or its own independent tax advisers for tax advice in connection with this Agreement.  None of the Parties have entered into this Agreement based upon the recommendation of any of the other Parties or any attorney or advisor to any of the other Parties. Each of the Parties expressly acknowledges that each has not received any tax advice from Class Counsel or Defendants' Counsel.

43

10.18   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the Parties' counsel: Schuyler Ufkes, sufkes@edelson.com, EDELSON PC, 350 North LaSalle Street, 14th Floor, Chicago, Illinois 60654; Joel Griswold, jcgriswold@bakerlaw.com, BAKER & HOSTETLER LLP, 200 South Orange Avenue, Suite 2300, Orlando, Florida 32801.

10.19   This Settlement Agreement supersedes and replaces all prior settlement agreements between the Parties, which shall be null and void upon execution of this Settlement Agreement.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

44

**FREDY SOSA**

Dated: _____     By (signature): _____

                         Name (printed): _____

**ROHITH AMRUTHUR**

Dated: _____     By (signature): _____

                         Name (printed): _____

**EDELSON PC**

Dated: _____     By (signature): _____

                         Name (printed): _____

                         Its (title): _____

**ONFIDO, INC.**

Dated: _____     By (signature): _____

                         Name (printed): _____

                         Its (title): _____

45

Exhibit A

46

**Funding Schedule**

| Trigger Date | Installment Payment to NFIC Settlement Fund | Installment Payment to FIC Settlement Fund | Total Contributed |
|---|---|---|---|
| 14 days after an order granting preliminary approval | $220,553.04 | $179,446.96 | $400,000.00 |
| 35 days after an order granting Final Approval[1] | $3,859,678.20 | $3,140,321.80 | $7,000,000.00 |
| 1 year after an order granting Final Approval | $3,115,311.69 | $2,534,688.31 | $5,650,000.00 |
| 2 years after an order granting Final Approval | $3,115,311.69 | $2,534,688.31 | $5,650,000.00 |
| 2.5 years after an order granting Final Approval | $3,142,880.82 | $2,557,119.18 | $5,700,000.00 |
| 3.0 years after an order granting Final Approval | $2,260,668.66 | $1,839,331.34 | $4,100,000.00 |

[1] The term "Final Approval" as used in this chart means an order granting final approval of the settlement or the exhaustion of appeals from an order granting final approval.

Exhibit B

<u>**ONLINE CLAIM FORM**</u>

**PAGE 1:**

***Instructions*:** You may be eligible for a payment as part of the Settlement for this case. Fill out each section of this form and sign where indicated. Please select whether you prefer to receive payment via Venmo, PayPal, Zelle, or check. If you select a paper check and your claim is approved, you will receive two installment payments over three years via checks in the mail at the address you provide below—i.e., in year one, you'll receive one check that accounts for approximately 25% of the total payment, and you'll have to wait three years to receive the remaining approximately 75% of the total payment.

**We strongly encourage you to select an electronic payment method (Venmo, PayPal, or Zelle), instead of paper checks, because it allows you to receive more of your settlement payment faster, it is more efficient and secure than a paper check in the mail, and you won't need to update your address with the settlement administrator if your address changes before the final installment payment is paid.**

THIS CLAIM FORM MUST BE SUBMITTED BY [**CLAIMS DEADLINE**] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

| <u>First Name</u> | <u>Last Name</u> | |
|---|---|---|
| <u>Street Address</u> | | |
| <u>City</u> | <u>State</u> | <u>ZIP Code</u> |
| <u>Email Address</u> | | |
| <u>Contact Phone #:</u> | | |

You may be contacted by phone or email if further information is required.

***Select Payment Method.*** Select the box of how you would like to receive your payment and provide the requested information:

Zelle®          PayPal®          Venmo®          Check

[*Based on the selection, the claimant will be prompted to provide the information the Settlement Administrator requires to complete the payment*]

<u>Class Member Verification</u>: By submitting this Claim Form, I declare that the following information is true and correct to the best of my knowledge: I am an individual who, while within the State of Illinois, uploaded <u>a photo or video of myself</u> and a photo ID to an application, software, or website for identity verification between June 12, 2015 and [date of Preliminary Approval Order]. I will notify the Settlement Administrator of any changes to information submitted on this Online Claim Form.

**Deleted:** my photograph(s)

E- Signature: _____     Date: __ __/__ __/__

The Settlement Administrator will review your Claim Form. If accepted, you will receive Settlement Payment for an equal, or *pro rata*, share of either the Financial Institution Settlement Fund or the Non-Financial Institution Settlement Fund, depending on which class you are in. The exact amount of your total payment will depend on the number of valid Claim Forms received by members of each class. This process takes time; please be patient.

[*If the claimant does not appear on the class list given the information provided on the claim form, the claimant will be directed to Page 2.*]

<u>**PAGE 2:**</u>

Based on the information you provided, we are unable to confirm whether you are a class member for one of two reasons: either (1) some of the information you submitted on the claim form matches the class list, but other information does not (like first name, last name, address, and/or email address), or (2) none of the information you submitted matches the class list. If you believe you are a class member, please provide the following information so that the settlement administrator can further evaluate your claim.

1.      If you submitted an abbreviated version of your first name on your claim form, instead of your full given name (for example, "Alex" instead of "Alexander"), or vice versa, please submit any other version(s) of your first name.

| <u>First Name(s)</u> (up to 3) |
|---|
|   |

2.      If you have a maiden name or former last name, please submit it.

| <u>Maiden or Former Last Name(s)</u> (up to 3) |
|---|
|   |

3.      Please provide your most recent prior addresses in Illinois.

| <u>Prior Street Address(es)</u> (up to 10) |
|---|
|   |

4.    Please provide the names of all apps and websites where you have uploaded a photo or video of yourself and a photo ID for identity verification between June 12, 2015 and [date of Preliminary Approval Order].

**Deleted:** selfie

| **Names of Apps and Websites** (up to 10) |
| --- |
|  |

5.    Please provide any email addresses you may have submitted when registering for an account on the apps and websites you listed above.

| **Other Email Address(es)** (up to 10) |
| --- |
|  |

Exhibit C

From: tobedetermined@domain.com
To: JohnDoeClassMember@domain.com
Re: Legal Notice of Proposed Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Sosa v. Onfido, Inc.*, No. 20-cv-04247
(United States District Court for the Northern District of Illinois)

**OUR RECORDS INDICATE THAT YOU UPLOADED A PHOTO OR VIDEO OF YOURSELF AND A PHOTO ID TO A MOBILE APP OR WEBSITE FOR IDENTITY VERIFICATION PERFORMED BY ONFIDO, INC. BETWEEN JUNE 12, 2015 AND [DATE OF PRELIMINARY APPROVAL] AND ARE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*This is an official court notice. You are not being sued. This is not an ad for a lawyer.*

*For more information, visit the Settlement Website, which is www.OnfidoBIPASettlement.com.*

This notice is to inform you that a Settlement has been reached in a class action lawsuit between Onfido, Inc. ("Defendant" or "Onfido") and individuals who, while in Illinois, uploaded a photo or video of themselves and a photo ID to certain apps or websites for identify verification Onfido provides identity verification software that is built into certain apps and websites you may have used. The lawsuit claims that, in performing identity verification on individuals in Illinois, Onfido violated an Illinois law called the Biometric Information Privacy Act ("BIPA") by collecting individuals' biometric data without complying with the law's requirements. Onfido denies that it violated any law or that the law applies to its conduct. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

**Who is included in the Settlement Class?** The Settlement creates two Settlement Classes: the Financial Institution Class and the Non-Financial Institution Class. Our records indicate that you are included in the Financial Institution Class, which includes all persons who, while within the State of Illinois (1) used one of Onfido's customer's apps or websites, (2) that customer's app or website provides financial services such as banking or investment services, and (3) while using the app or website, you uploaded a photo or video of yourself and a photo ID for identity verification, which was performed by Onfido between June 12, 2015 and [date of the Preliminary Approval Order]. Some exclusions apply; see the Internet Notice **here** [link to Internet Notice] for details (FAQ 4).

**What can I get out of the settlement?** If you're eligible and the Court approves the Settlement, you can submit a claim to receive a cash payment. The total payment amount is estimated to be between $65 and $110, but could be more or less depending on the number of valid claims submitted. This amount is an equal share of a $12,785,595.90 fund that Onfido agreed to create for the Financial Institution Class, after any Court-approved payment of settlement expenses, attorneys' fees, and any incentive award. In order to allow Onfido to pay all of the money, class members who submit a valid claim will get their payment over three years in separate installments. A separate fund was created for individuals who uploaded a photo or video of themselves and a photo ID to a Non-Financial Institution Customer of Onfido.

**Deleted:** SELFIE

**Deleted:** a selfie

**Deleted:** your

**Deleted:** selfie

**Deleted:** approximately

**Deleted:** $

**Deleted:** 84

**Deleted:** their

**Deleted:** selfie

**How do I get my payment?** Just complete and verify the Claim Form online here [==Claim Form Link==], or if you also received a notice of this Settlement in the mail, you can fill out the paper Claim Form attached to that notice and submit it by mail. By submitting online you can choose to receive your payments via Venmo, PayPal, Zelle, or a check. If you submit a paper Claim Form and it is approved, your payments will be sent via check in the mail. We strongly encourage you to submit your Claim Form online (instead of by mail) and choose either Venmo, PayPal, or Zelle (instead of a check). *All Claim Forms must be submitted online or postmarked by [==Claims Deadline==].*

**What are my Options?** You can do nothing, comment on or object to any of the settlement terms, or exclude yourself from the settlement. If you do nothing, you won't get a payment, and you won't be able to sue Onfido or certain related companies and individuals in a future lawsuit about the claims addressed in the settlement. You can also object to the settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment, but you'll keep your right to sue Onfido on the issues the settlement concerns. You must submit your request to the settlement administrator by mail or email ([==email address==]) to exclude yourself from the settlement. For detailed requirements and instructions on how to exclude yourself or object, see the Internet Notice (FAQs 13 & 16), available on the Settlement Website **here** [link to Internet Notice]. *All Requests for Exclusion and Objections must be received by [==Objection/Exclusion Deadline==].*

**Do I have a lawyer?** Yes. The Court has appointed lawyers from Edelson PC as "Class Counsel." They represent you and other Financial Institution Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees if you do. The Court has also approved Rohith Amruthur—a class member like you—to represent the Financial Institution Class.

**When will the Court approve the settlement?** The Court will hold a final approval hearing on [==date==] at [==time==] before the Honorable Marvin E. Aspen in Room 2568 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. Instructions for participating remotely will be posted on the Settlement Website. During the hearing, the Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses of up to 33% of the Financial Institution Class Settlement Fund and an incentive award of $5,000 to the Class Representative. The fee request will be posted on the settlement website by [==two weeks prior to Objection/Exclusion Deadline==].

Exhibit D

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

Sosa v Onfido, Inc
c/o Settlement Administrator
P O Box 0000
City, ST 00000-0000

First-Class
Mail
US Postage
Paid
Permit #__

**OUR RECORDS INDICATE THAT YOU UPLOADED A PHOTO OR VIDEO OF YOURSELF AND A PHOTO ID TO A MOBILE APP OR WEBSITE FOR IDENTITY VERIFICATION PERFORMED BY ONFIDO, INC. BETWEEN JUNE 12, 2015 AND [DATE OF PRELIM APPROVAL] AND ARE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

Postal Service: Please do not mark barcode

XXX—«ClaimID»   «MailRec»

«First1» «Last1»
«C/O»
«Addr1» «Addr2»
«City», «St» «Zip» «Country»

By Order of the Court Dated: [date]

**XXX**

Deleted: A

Deleted:

Deleted: SELFIE

---

## CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT

**Instructions:** Fill out each section of this form and sign where indicated. If you prefer to receive payment via Venmo, PayPal, or Zelle, you must submit a Claim Form online on the Settlement Website at www.OnfidoBIPASettlement.com. If you submit this paper Claim Form by mail and it is approved, you will receive two installment payments over three years via checks in the mail at the address you provide below—i e , in year one, you'll receive one check that accounts for approximately 25% of the total payment, and you'll have to wait three years to receive the remaining approximately 75% of the total payment

**We strongly encourage** you submit a claim form online at www.OnfidoBIPASettlement.com and select an electronic payment method (Venmo, PayPal, or Zelle), instead of a paper check. Doing so allows you to receive more of your settlement payment faster, it is more efficient and secure than a paper check in the mail, and you won't need to update your address with the settlement administrator if your address changes before the final installment payment is paid.

Name (First, M I , Last): _____   _____   _____   _____

Street Address: _____

City: _____ State: ___ ___   Zip Code: ___ ___ ___ ___ ___ ___

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___ ) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required )

Signature: _____   Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

Class Member Verification: By submitting this Claim Form, I declare that the following information is true and correct to the best of my knowledge: I am an individual who, while within the State of Illinois, uploaded a photo or video of myself and a photo ID to an application, software, or website for identity verification between June 12, 2015 and [date of Preliminary Approval Order] I will notify the Settlement Administrator of any changes to information submitted on this Claim Form

The Settlement Administrator will review your Claim Form If accepted, you will be mailed two installment checks for a *pro rata* share depending on the number of valid claim forms received This process takes time, please be patient

**Questions, visit www.OnfidoBIPASettlement.com or call [toll free number]**

Deleted: my photograph

Deleted: (s)

This notice is to inform you that a Settlement has been reached in a class action lawsuit between Onfido, Inc. ("Onfido") and individuals who, while in Illinois, uploaded a photo or video of themselves and a photo ID to certain apps or websites for identity verification. Onfido provides identity verification software that is built into certain apps and websites you may have used. The lawsuit claims that, in performing identity verification on individuals in Illinois, Onfido violated an Illinois law called the Biometric Information Privacy Act ("BIPA") by collecting individuals' biometric data without complying with the law's requirements. Onfido denies that it violated any laws. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

**Who is included in the Settlement Class?** The Settlement creates two Settlement Classes: the Financial Institution Class and Non-Financial Institution Class. Our records indicate that you are included in the Financial Institution Class, which includes all persons who, while within the State of Illinois (1) used one of Onfido's customer's apps or websites, (2) that customer's app or website provides financial services such as banking or investment services, and (3) while using the app or website, you uploaded a photo or video of yourself, and a photo ID for identity verification which was performed by Onfido between June 12, 2015 and [date of the Preliminary Approval Order]. Some exclusions apply, see the Internet Notice for details (FAQ 4) available at www.OnfidoBIPASettlement.com.

**What can I get out of the settlement?** If you're eligible and the Court approves the Settlement, you can submit a claim to receive a cash payment. The total payment amount is estimated to be between $65 and $110 but could be more or less depending on the number of valid claims submitted. This amount is an equal share of a $12,785,595.90 fund that Onfido agreed to create for the Financial Institution Class, after any Court-approved payment of settlement expenses, attorneys' fees, and any incentive award. In order to allow Onfido to pay all of the money, class members who submit a valid claim will get their payment over three years in separate installments. A separate fund was created for individuals who uploaded a photo or video of themselves and a photo ID to a Non-Financial Institution Customer of Onfido.

**How do I get my payment?** Just complete and return the attached Claim Form by mail, or you can visit the Settlement Website, www.OnfidoBIPASettlement.com, and submit a Claim Form online. If you submit the paper Claim Form and it is approved, your payments will be sent via check in the mail. If you submit online you can choose to receive your payments via Venmo, PayPal, Zelle, or a check. We strongly encourage you to submit your Claim Form online (instead of by mail) and choose either Venmo, PayPal, or Zelle (instead of a check). *All Claim Forms must be postmarked or submitted online by [Claims Deadline].*

**What are my Options?** You can do nothing, comment on or object to any of the settlement terms, or exclude yourself from the settlement. If you do nothing, you won't get a payment, and you won't be able to sue Onfido or certain related companies and individuals in a future lawsuit about the claims addressed in the settlement. You can also comment on or object to the settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment, but you'll keep your right to sue Onfido on the issues the settlement concerns. You must submit your request to the settlement administrator by mail or e-mail to exclude yourself from the settlement. For detailed requirements and instructions on how to exclude yourself or object, see the Internet Notice (FAQs 13 & 16), available at www.OnfidoBIPASettlement.com. *All Requests for Exclusion and Objections must be received by [Objection/Exclusion Deadline].*

**Do I have a lawyer?** The Court appointed lawyers from Edelson PC as "Class Counsel." They represent you and other Financial Institution Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees. The Court has also approved Rohith Amruthur—a class member like you—to represent the Financial Institution Class.

**When will the Court approve the settlement?** The Court will hold a final approval hearing on [date] at [time] before the Honorable Marvin E. Aspen in Room 2568 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. Instructions for participating remotely will be posted on the Settlement Website. During the hearing, the Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses of up to 33% of the Financial Institution Settlement Fund and an incentive award of $5,000 to the Class Representative. The request will be posted on the Settlement Website by [two weeks prior to Objection/Exclusion Deadline].

---

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED
STATES

Sosa v. Onfido, Inc. Settlement
c/o Settlement Administrator
PO Box 0000
City, ST 00000-0000

XXX

---

Annotations:

- Formatted: Space Before: 3 pt
- Formatted Table
- Deleted: a
- Deleted: selfie
- Deleted: your selfie
- Deleted: approximately $84
- Deleted: their selfie

Exhibit E

From: tobedetermined@domain.com
To: JohnDoeClassMember@domain.com
Re: Legal Notice of Proposed Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Sosa v. Onfido, Inc.*, No. 20-cv-04247
(United States District Court for the Northern District of Illinois)

**OUR RECORDS INDICATE THAT YOU UPLOADED A PHOTO OR VIDEO OF YOURSELF AND A PHOTO ID TO A MOBILE APP OR WEBSITE FOR IDENTITY VERIFICATION PERFORMED BY ONFIDO, INC. BETWEEN JUNE 12, 2015 AND [DATE OF PRELIMINARY APPROVAL] AND ARE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

| | |
|---|---|
| Deleted: A | |
| Deleted: SELFIE | |

*This is an official court notice. You are not being sued. This is not an ad for a lawyer.*

*For more information, visit the Settlement Website, which is www.OnfidoBIPASettlement.com.*

This notice is to inform you that a Settlement has been reached in a class action lawsuit between Onfido, Inc. ("Defendant" or "Onfido") and individuals who, while in Illinois, uploaded a photo or video of themselves and a photo ID to certain apps or websites for identify verification. Onfido provides identity verification software that is built into certain apps and websites you may have used. The lawsuit claims that, in performing identity verification on individuals in Illinois, Onfido violated an Illinois law called the Biometric Information Privacy Act ("BIPA") by collecting individuals' biometric data without complying with the law's requirements. Onfido denies that it violated any law or that the law applies to its conduct. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

Deleted: a
Deleted: selfie

**Who is included in the Settlement Class?** The Settlement creates two Settlement Classes: the Financial Institution Class and the Non-Financial Institution Class. Our records indicate that you are included in the Non-Financial Institution Class, which includes all persons who, while within the State of Illinois (1) used one of Onfido's customer's apps or websites, (2) that customer's app or website does not provide financial services like banking or investment services, and (3) while using the app or website, you uploaded a photo or video of yourself and a photo ID for identity verification, which was performed by Onfido between June 12, 2015 and [date of the Preliminary Approval Order]. Some exclusions apply; see the Internet Notice here [link to Internet Notice] for details (FAQ 4).

Deleted: your selfie

**What can I get out of the settlement?** If you're eligible and the Court approves the Settlement, you can submit a claim to receive a cash payment. The total payment amount is estimated to be between $210 and $350, but could be more or less depending on the number of valid claims submitted. This amount is an equal share of a $15,714,404.10 fund that Onfido agreed to create for the Non-Financial Institution Class, after any Court-approved payment of settlement expenses, attorneys' fees, and any incentive award. In order to allow Onfido to pay all of the money, class members who submit a valid claim will get their payment over three years in separate installments. A separate fund was created for individuals who uploaded a photo or video of themselves and a photo ID to a Financial Institution Customer of Onfido.

Deleted: approximately
Deleted: $260

Deleted: their selfie

**How do I get my payment?** Just complete and verify the Claim Form online here [Claim Form Link], or if you also received a notice of this Settlement in the mail, you can fill out the paper Claim Form attached to that notice and submit it by mail. By submitting online you can choose to receive your payments via Venmo, PayPal, Zelle, or a check. If you submit a paper Claim Form and it is approved, your payments will be sent via check in the mail. We strongly encourage you to submit your Claim Form online (instead of by mail) and choose either Venmo, PayPal, or Zelle (instead of a check). *All Claim Forms must be submitted online or postmarked by [Claims Deadline].*

**What are my Options?** You can do nothing, comment on or object to any of the settlement terms, or exclude yourself from the settlement. If you do nothing, you won't get a payment, and you won't be able to sue Onfido or certain related companies and individuals in a future lawsuit about the claims addressed in the settlement. You can also object to the settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment but you'll keep your right to sue Onfido on the issues the settlement concerns. You must submit your request to the settlement administrator by mail or email ([email address]) to exclude yourself from the settlement. For detailed requirements and instructions on how to exclude yourself or object, see the Internet Notice (FAQs 13 & 16), available on the Settlement Website here [link to Internet Notice]. *All Requests for Exclusion and Objections must be received by [Objection/Exclusion Deadline].*

**Do I have a lawyer?** Yes. The Court has appointed lawyers from Edelson PC as "Class Counsel." They represent you and other Non-Financial Institution Settlement Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees if you do. The Court has also approved Fredy Sosa—a class member like you—to represent the Non-Financial Institution Class.

**When will the Court approve the settlement?** The Court will hold a final approval hearing on [date] at [time] before the Honorable Marvin E. Aspen in Room 2568 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. Instructions for participating remotely will be posted on the Settlement Website. During the hearing, the Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses of up to 33% of the Non-Financial Institution Class Settlement Fund and an incentive award of $5,000 to the Class Representative. The fee request will be posted on the settlement website by [two weeks prior to Objection/Exclusion Deadline].

Formatted: Font: Bold

Exhibit F

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

Sosa v  Onfido, Inc
c/o Settlement Administrator
P O  Box 0000
City, ST 00000-0000

First-Class
Mail
US Postage
Paid
Permit #__

**OUR RECORDS INDICATE
THAT YOU UPLOADED A
PHOTO OR VIDEO OF
YOURSELF AND A PHOTO
ID TO A MOBILE APP OR
WEBSITE FOR IDENTITY
VERIFICATION
PERFORMED BY ONFIDO,
INC. BETWEEN JUNE 12,
2015 AND [DATE OF
PRELIM APPROVAL] AND
ARE ENTITLED TO A
PAYMENT FROM A CLASS
ACTION SETTLEMENT.**

Deleted: A

Deleted: SELFIE

|||||||||||||||||||||||||||
Postal Service: Please do not mark barcode

XXX—«ClaimID»  «MailRec»

«First1» «Last1»
«C/O»
«Addr1» «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

**XXX**

---

**CLAIM FORM**

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE
FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT

**Instructions:** Fill out each section of this form and sign where indicated  If you prefer to receive payment via Venmo, PayPal, or
Zelle, you must submit a Claim Form online on the Settlement Website at www.OnfidoBIPASettlement com  If you submit this paper
Claim Form by mail and it is approved, you will receive two installment payments over three years via checks in the mail at the
address you provide below—i e , in year one, you'll receive one check that accounts for approximately 25% of the total payment,
and you'll have to wait three years to receive the remaining approximately 75% of the total payment

**We strongly encourage you submit a claim form online at www.OnfidoBIPASettlement.com and select an electronic payment
method (Venmo, PayPal, or Zelle), instead of a paper check. Doing so allows you to receive more of your settlement payment
faster, it is more efficient and secure than a paper check in the mail, and you won't need to update your address with the
settlement administrator if your address changes before the final installment payment is paid.**

Name (First, M I , Last): _____   _____   _____

Street Address: _____

City: _____  State: ___ ___   Zip Code: ___ ___ ___ ___ ___ ___

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___ ) ___ ___ ___ – ___ ___ ___ ___  (You may be contacted if further information is required )

Signature: _____  Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

Class Member Verification: By submitting this Claim Form, I declare that the following information is true and correct to the best of
my knowledge: I am an individual who, while within the State of Illinois, uploaded a photo or video of myself and a photo ID to an
application, software, or website for identity verification between June 12, 2015 and [date of Preliminary Approval Order]  I will
notify the Settlement Administrator of any changes to information submitted on this Claim Form

Deleted: my

Deleted: photograph(s)

The Settlement Administrator will review your Claim Form  If accepted, you will be mailed two installment checks for a *pro rata*
share depending on the number of valid claim forms received  This process takes time, please be patient

Questions, visit www.OnfidoBIPASettlement.com or call [toll free number]

This notice is to inform you that a Settlement has been reached in a class action lawsuit between Onfido, Inc. ("Onfido") and individuals who, while in Illinois, uploaded a photo or video of themselves and a photo ID to certain apps or websites for identity verification performed by Onfido. Onfido provides identity verification software that is built into certain apps and websites you may have used. The lawsuit claims that, in performing identity verification on individuals in Illinois, Onfido violated an Illinois law called the Biometric Information Privacy Act ("BIPA") by collecting individuals' biometric data without complying with the law's requirements. Onfido denies that it violated any laws. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act, or don t act.

**Who is included in the Settlement Class?** The Settlement creates two Settlement Classes: the Financial Institution Class and the Non-Financial Institution Class. Our records indicate that you are included in the Non-Financial Institution Class, which includes all persons who, while within the State of Illinois (1) used one of Onfido s customer s apps or websites, (2) that customer s app or website does not provide financial services like banking or investment services, and (3) while using the app or website, you uploaded a photo or video of yourself and photo ID for identity verification, which was performed by Onfido between June 12 2015 and [date of the Preliminary Approval Order]. Some exclusions apply  see the Internet Notice for details (FAQ 4) available at www.OnfidoBIPASettlement.com.

**What can I get out of the settlement?** If you re eligible and the Court approves the settlement, you can submit a claim to receive a cash payment. The total payment amount is estimated to be between $210 and $350 but could be more or less depending on the number of valid claims submitted. This amount is an equal share of a $15,714,404.10 fund that Onfido agreed to create for the Non-Financial Institution Class, after any Court-approved payment of settlement expenses, attorneys  fees, and any incentive award. In order to allow Onfido to pay all of the money, class members who submit a valid claim will get their payment over three years in separate installments.  A separate fund was created for individuals who uploaded a photo or video of themselves and a photo ID to a Financial Institution Customer of Onfido.

**How do I get my payment?** Just complete and return the attached Claim Form online, or you can visit the Settlement Website, www.OnfidoBIPASettlement.com and submit a Claim Form online. If you submit the paper Claim Form and it is approved, your payment will be sent via a check in the mail. If you submit online you can choose to receive your payments via Venmo, PayPal, Zelle, or a check. We strongly encourage you to submit your Claim Form online (instead of by mail) and choose either Venmo, PayPal, or Zelle (instead of a check). *All Claim Forms must be postmarked or submitted online by [Claims Deadline].*

**What are my Options?** You can do nothing, comment on or object to any of the settlement terms, or exclude yourself from the settlement. If you do nothing, you won t get a payment, and you won t be able to sue Onfido or certain related companies and individuals in a future lawsuit about the claims addressed in the settlement. You can also comment on or object to the settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won t get a payment but you ll keep your right to sue Onfido on the issues the settlement concerns. You must submit your request to the settlement administrator by mail or e-mail to exclude yourself from the settlement. For detailed requirements and instructions on how to exclude yourself or object  see the Internet Notice (FAQs 13 & 16) available at www.OnfidoBIPASettlement.com. *All Requests for Exclusion and Objections must be received by [Objection/Exclusion Deadline].*

**Do I have a lawyer?** Yes. The Court appointed lawyers from Edelson PC as "Class Counsel." They represent you and other Non-Financial Institution Class Members. You can hire your own lawyer, but you ll need to pay that lawyer s legal fees. The Court has also approved Fredy Sosa—a class member like you—to represent the Non-Financial Institution Class.

**When will the Court approve the settlement?** The Court will hold a final approval hearing on [date] at [time] before the Honorable Marvin E. Aspen in Room 2568 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. Instructions for participating remotely will be posted on the Settlement Website. During the hearing, the Court will hear objections, determine if the settlement is fair, and consider Class Counsel s request for fees and expenses of up to 33% of the Non-Financial Institution Settlement Fund and an incentive award of $5,000 to the Class Representative. The request will be posted on the Settlement Website by [two weeks prior to Objection/Exclusion Deadline].

---

NO POS AGE
NECESSARY
F MA LED N
HE UN ED
S A ES

Sosa v. Onfido, Inc. Settlement
c/o Settlement Administrator
PO Box 0000
City, ST 00000-0000

XXX

---

**Margin annotations:**

Formatted: Space Before:  2 pt

Formatted Table

Deleted: a

Deleted: selfie

Deleted: your selfie

Deleted: approximately $260

Deleted: their selfie

Deleted: www OnfidoBIPASettlement com

Formatted: Default Paragraph Font, Not Expanded by / Condensed by

Exhibit G

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
*Sosa v. Onfido, Inc.*, No. 20-cv-04247

**IF YOU WERE IN ILLINOIS AND UPLOADED A PHOTO OR VIDEO OF YOURSELF AND A PHOTO ID TO A MOBILE APP OR WEBSITE FOR IDENTITY VERIFICATION PERFORMED BY ONFIDO, INC. BETWEEN JUNE 12, 2015 AND [DATE OF PRELIMINARY APPROVAL], YOU MAY BE ABLE TO CLAIM A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*This is an official court notice. You are not being sued. This is not an ad for a lawyer.*

- A Settlement has been reached in a class action lawsuit between Onfido, Inc. ("Defendant" or "Onfido") and individuals who, while in Illinois, uploaded a photo or video of themselves and a photo ID to certain apps or websites for identify verification. Onfido provides identity verification software that is built into certain apps and websites used by consumers. The lawsuit claims that, in performing identity verification on individuals in Illinois, Onfido violated an Illinois law called the Biometric Information Privacy Act ("BIPA") by collecting individuals' biometric data without complying with the law's requirements. Onfido denies that it violated any law or that the law applies to its conduct. The Court has not decided who is right or wrong.

- If you received a notice of this Settlement in the mail or by e-mail, our records indicate that you are a member of one of the two groups or "classes" covered by the Settlement. The Financial Institution Class includes people whose identity was verified by a financial services app or website. The Non-Financial Institution Class includes people whose identity was verified by an app or website that is not a financial institution such as online marketplaces like OfferUp. Those included in the Settlement may submit a claim form online or by mail to receive a settlement payment. Included in the Settlement are those who, while in Illinois, uploaded a photo or video of themselves and a photo ID to any application, software, or website operated by an Onfido customer, and subsequently to Onfido, between June 12, 2015 and [the date of Preliminary Approval] without first having executed a written release or consent form specifically naming Onfido as authorized to collect or store their biometric data.

- If the Court approves the Settlement, members of the Settlement Classes who submit valid claims will receive an equal, or *pro rata*, share of either a $12,785,595.90 fund that Onfido agreed to create for Financial Institution Class Members, or of a $15,714,404.10 fund that Onfido agreed to create for Non-Financial Institution Class Members, after all notice and administration costs, incentive awards, and attorneys' fees have been paid. Individual payments to Financial Institution Class Members with valid claims are estimated to be between $65 and $110, and payments to Non-Financial Institution Class Members with valid claims are estimated to be between $210 and $350. These settlement payments could be more or less depending on the number of valid claims submitted. In order to allow Onfido to pay all of the money, **all settlement payments will be paid in installments over three years.**

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

QUESTIONS? VISIT WWW.ONFIDOBIPASETTLEMENT.COM

Deleted: SELFIE
Deleted: a selfie
Deleted: their
Deleted: selfie
Deleted: around $84
Deleted: around
Deleted: $260

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. You must submit a complete and valid claim form either online or by mail before **[Claims Deadline]**. |
| **DO NOTHING** | You will receive no payment under the Settlement and give up your rights to sue Onfido and certain related companies and individuals about the issues in this case. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue Onfido about the issues in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved and will be paid in installments as described in this notice. Please be patient.

### BASIC INFORMATION

| 1. What is this notice and why should I read it? |
|---|

The Court authorized this notice to let you know about a proposed Settlement with Onfido. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Marvin E. Aspen of the United States District Court for the Northern District of Illinois is overseeing this class action. The case is called *Sosa v. Onfido, Inc.*, No. 20-cv-04247. The people who brought the lawsuit, Fredy Sosa and Rohith Amruthur, are the Plaintiffs. The company they sued, Onfido, Inc., is the Defendant.

| 2. What is a class action lawsuit? |
|---|

A class action is a lawsuit in which an individual or individuals called "Class Representatives" bring a single lawsuit on behalf of other people who have similar legal claims. All of these people

2

together are a "Class" or "Class Members." Once a settlement class is certified, a class action Settlement finally approved by the Court resolves the issues for all Class Members, except for those who exclude themselves from the Settlement Classes.

**THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT**

**3. What is this lawsuit about?**

Defendant Onfido provides identity verification software that uses facial recognition to several apps and websites to help them confirm the identities of people who use their mobile apps and websites. On those apps and websites, users can upload a current picture or video of their face (a "selfie" or similar photo or video of oneself) along with their photo ID (like a driver's license or passport) and Onfido's software compares the two faces for a match.

This lawsuit alleges that, in performing identity verification for its customers, Onfido collected scans of users' facial geometry without complying with the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, which prohibits private companies from capturing, obtaining, storing, and/or using the biometric identifiers and/or biometric information of another individual for any purpose, without first providing notice and getting consent in writing. Plaintiffs allege that consumers in the state of Illinois who uploaded a photo or video of themselves and a photo ID to any app or website using Onfido's facial recognition software were not aware that Onfido was collecting their biometric data and did not receive proper notice or give the necessary consent for such collection. Onfido denies these allegations and denies that it was subject to or violated BIPA.

More information about Plaintiffs' complaint in the lawsuit and the Defendant's defenses can be found in the "Court Documents" section of the settlement website at www.OnfidoBIPASettlement.com.

**4. Who is included in the Settlement Classes?**

You are a member of one of the Settlement Classes if, while in the state of Illinois, you uploaded a photo or video of yourself and a photo ID to any application, software, or website operated by a customer of Onfido, and subsequently to Onfido, between June 12, 2015 and [the date of Preliminary Approval]. If you received a notice of the Settlement via email or in the mail, our records indicate that you are a class member and are included in the Settlement. You can visit the Settlement Website here [link to Class Member Locator page of Settlement Website] to see whether you're a member of the Financial Institution Class or Non-Financial Institution Class. Just submit your name and address, or the Claim ID located on your email or mail notice, and the site will tell you which class you're in.

The following individuals are not members of either of the Settlement Classes: (1) persons who executed a written release or consent form specifically naming Onfido as being authorized to collect or store their alleged biometric data, before their alleged biometric data was ever collected or stored by Onfido, (2) any Judge or Magistrate presiding over this action and members of their families, (3) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (4) persons who properly execute and

3

file a timely request for exclusion from the Settlement Classes, and (5) the legal representatives, successors or assigns of any such excluded persons.

For clarity, exclusion (1) above means that persons who agreed in writing to Onfido collecting or storing their biometric data, before Onfido ever collected such data, are not included in the Settlement. Such persons would have agreed while they were using an app, website, or software that uses Onfido's identity verification services and before the identity verification occurred.

### THE SETTLEMENT BENEFITS

**5. What does the Settlement provide?**

**Cash Payments.** If you're eligible, you can file a claim to receive a cash payment. The amount of such payment will depend on whether you are in the Financial Institution Class or the Non-Financial Institution Class. Payments to Financial Institution Class Members who submit a valid Claim Form are estimated to be between $65 and $110, and payments to Non-Financial Institution Class Members who submit a valid Claim Form are estimated to be between $210 and $350. These settlement payments could be more or less depending on the number of valid claims submitted. The estimated payment amount to Financial Institution Class Members is less because those class members' claims in the lawsuit were subject to certain defenses that do not apply to the Non-Financial Institution Class Members.

| Deleted: $ |
| Deleted: 84 |
| Deleted: $260 |

These payments will be a *pro rata*, or equal, share of either a $12,785,595.90 fund that Onfido agreed to create for Financial Institution Class Members, or of a $15,714,404.10 fund that Onfido agreed to create for Non-Financial Institution Class Members, after the payment of settlement expenses, attorneys' fees, and any incentive award for the Class Representatives approved by the Court. In order to allow Onfido to pay all of the money, all settlement payments will be paid in installments over three years, as detailed below (see FAQ 7).

| Deleted: four |

**Non-Monetary Relief.** Under the settlement, Onfido has agreed it will provide its customers with an informed written consent form and require it to be viewed and agreed to by users who reside in Illinois before any facial recognition or identity verification is performed. Onfido has also agreed to establish and maintain a publicly-available retention and deletion policy for biometric data and to delete users' biometric data pursuant to that policy.

### HOW TO GET SETTLEMENT BENEFITS

**6. How do I get a payment?**

If you are a Financial Institution Class Member or a Non-Financial Institution Class Member and you want to get a payment, you must complete and submit a valid Claim Form by [Claims Deadline]. If you received an email notice, it contained a link to the online Claim Form, which is also available here [Claim Form Link] and can be filled out and submitted online. The online claim form lets you select to receive your payment by Venmo, Zelle, Paypal, or check. A paper Claim Form with pre-paid postage was attached to the postcard notice you may have received in the mail. Those who submit a paper Claim Form will receive their payment by checks by mail, if the claim is approved.

The Claim Form requires you to provide the following information: (i) full name, (ii) current U.S. Mail address, (iii) current contact telephone number and email address, and (iv) a statement that

4

you are an individual who, while within the State of Illinois, uploaded a photo or video of yourself and a photo ID to an application, software, or website for identity verification between June 12, 2015 and [date of Preliminary Approval Order].

**7.  When will I get my payment?**

The hearing to consider the fairness of the Settlement is scheduled for [**Final Approval Hearing Date**] at [**time**]. If the Court approves the Settlement, Class Members whose claims were approved by the Settlement Administrator will receive their payments via their selected method: either electronic (Venmo, PayPal, or Zelle) or paper check. In order to allow Onfido to pay all of the money, all settlement payments will be paid in installments over three years.

*Timing of Electronic Payments.* As shown in the chart below, class members who select an electronic payment method will receive four installment payments over three years.

*Timing of Payments by Check.* As shown in the chart below, class members who select a paper check as their payment method will receive two installment payments over three years. If you opt for paper checks, you must contact the Settlement Administrator if your address changes any time before the second and final installment payment date.

**We strongly encourage class members to select an electronic payment method (Venmo, PayPal, or Zelle), instead of paper checks, because it allows you to receive more of your settlement payment faster, it is more efficient and secure than a paper check in the mail, and you won't need to update your address with the settlement administrator if your address changes before the final installment payment is paid.**

| Installment Payment Date | Approximate Amount of Each Electronic Payment | Approximate Amount of Each Payment via Check |
|---|---|---|
| 60 days after final approval | 25% of Total Payment | 25% of Total Payment |
| 1 year after final approval | 20% of Total Payment | No payment |
| 2 years after final approval | 20% of Total Payment | No payment |
| 3 years after final approval | 35% of Total Payment | 75% of Total Payment |

Uncashed checks and electronic payments that are unable to be completed will expire and become void 180 days after they are issued and will revert to their respective settlement fund to be redistributed *pro rata* to claiming class members in the remaining installment payments. If any residual funds remain after the final redistribution, those funds will, subject to Court approval, be sent to the Unclaimed Property Division of the Illinois Treasurer's Office to be claimed by class members who missed the final void deadline (*see* https://icash.illinoistreasurer.gov) or to a *cy pres* recipient selected by the Court.

5

THE LAWYERS REPRESENTING YOU

| 8.  Do I have a lawyer in the case? |

Yes, the Court has appointed attorneys J. Eli Wade-Scott and Schuyler Ufkes from the law firm Edelson PC as the attorneys to represent you and other Class Members. These attorneys are called "Class Counsel." In addition, the Court appointed Plaintiff Fredy Sosa to serve as the Class Representative of the Non-Financial Institution Class and Rohith Amruthur to serve as the Class Representative of the Financial Institution Class. They are Class Members. Class Counsel can be reached by calling 1-866-354-3015.

| 9.  Should I get my own lawyer? |

You don't need to hire your own lawyer because Class Counsel is working on your behalf. You may hire your own lawyer, but if you do so, you will have to pay that lawyer.

| 10.  How will the lawyers be paid? |

Class Counsel will ask the Court for attorneys' fees and expenses of up to 33% of each settlement fund to be paid on the same schedule as class members are paid, and will also request an incentive award of $5,000 for each Class Representative from the settlement fund associated with the class they represent. If the Settlement is finally approved, the Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representatives. The Court may award less than the amounts requested.

YOUR RIGHTS AND OPTIONS

| 11.  What happens if I do nothing at all? |

If you do nothing, you will receive no money from the settlement funds, but you will still be bound by all orders and judgments of the Court. Unless you exclude yourself from the Settlement, you will not be able to file or continue a lawsuit against Onfido or other Released Parties regarding any of the Released Claims. **Submitting a valid and timely Claim Form is the only way to receive a payment from this Settlement.**

To submit a Claim Form, or for information on how to request exclusion from the class or file an objection, please visit the settlement website, www.OnfidoBIPASettlement.com, or call [Settlement Administrator's phone number].

| 12. What happens if I ask to be excluded? |

You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will keep any claims you may have against the Released Parties (as that term is defined in the Settlement Agreement) and are free to pursue whatever legal rights you may have in your own lawsuit against the Released Parties at your own risk and expense.

6

Formatted: Widow/Orphan control, Keep with next

Formatted: Keep with next

**13. How do I ask to be excluded?**

You can mail or email a letter stating that you want to be excluded from the Settlement. Your letter must: (a) be in writing; (b) identify the case name, *Sosa v. Onfido, Inc.*, No. 20-cv-04247 (N.D. Ill.); (c) state the full name and current address of the person seeking exclusion; (d) be signed by the person seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before [Objection/Exclusion Deadline]. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Classes in *Sosa v. Onfido, Inc.*, No. 20-cv-04247 (N.D. Ill.)." You must mail or e-mail your exclusion request no later than [Objection/Exclusion Deadline] to:

Sosa v. Onfido, Inc. Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

-or-

[e-mail address]

You can't exclude yourself over the phone. No person may request to be excluded from the Settlement Classes through "mass" or "class" opt-outs. Each request for exclusion must be separately signed and submitted.

**14. If I don't exclude myself, can I sue Onfido for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Onfido and any other Released Party for the claims being resolved by this Settlement.

**15. If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, you will not receive a payment.

**16. How do I object to the Settlement?**

If you do not exclude yourself from either settlement class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Sosa v. Onfido, Inc.*, No. 20-cv-04247 (N.D. Ill.), no later than [Objection/Exclusion Deadline]. All objections and other filings submitted by persons represented by an attorney must be e-filed via CM/ECF. All *pro se* objections must be delivered to the Clerk of the Court at the following address:

Clerk of the United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

The objection must be in writing, must be signed, and must include the following information: (a) your full name and current address, (b) a statement that you believe you are a member of the Financial Institution Class or the Non-Financial Institution Class, (c) whether the objection applies

**Deleted:** Your objection must be e-filed or

**Formatted:** Font: Italic

**Deleted:** ¶
Because of the COVID-19 pandemic, the Court is accepting filings from individuals without a lawyer via email. Instructions on how to file via email can be found here ¶

only to the objector, to a specific subset of the Financial Institution Class or the Non-Financial Institution Class, or to the entire Financial Institution Class or the Non-Financial Institution Class, (d) the specific grounds for your objection, (e) all documents or writings that you wish the Court to consider, (f) the name and contact information of any attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether you intend to appear at the Final Approval Hearing. If you hire an attorney in connection with making an objection, that attorney must file an appearance with the Court or seek *pro hac vice* admission to practice before the Court, and electronically file the objection by the objection deadline of [Objection/Exclusion Deadline]. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

In addition to filing your objection with the Court, you must send via mail, email, or delivery service, by no later than [Objection/Exclusion Deadline], copies of your objection and any supporting documents to both Class Counsel and Defendant's lawyers at the addresses listed below:

| Class Counsel | Defendant's Counsel |
|---|---|
| Schuyler Ufkes | Joel Griswold |
| sufkes@edelson.com | jcgriswold@bakerlaw.com |
| EDELSON PC | BAKER & HOSTETLER |
| 350 North LaSalle Street, 14th Floor | 200 South Orange Avenue, Suite |
| Chicago, Illinois 60654 | 2300, Orlando, Florida 32801 |

Class Counsel will file with the Court and post on the settlement website its request for attorneys' fees and incentive awards on [date 2 weeks before Objection/Exclusion deadline].

**17. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Classes as a Financial Institution Class Member or Non-Financial Institution Class Member. Excluding yourself from the either settlement class is telling the Court that you don't want to be a Financial Institution Class Member or a Non-Financial Institution Class Member. If you exclude yourself, you have no basis to object because the case no longer affects you.

THE COURT'S FINAL APPROVAL HEARING

**18. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing on [date] at [time] before the Honorable Marvin E. Aspen in Room 2568 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or via remote means as instructed by the Court. Instructions for participating remotely will be posted on the Settlement Website. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Classes. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representatives.

8

**Note**: The date, time, and location of the Final Approval Hearing are subject to change by Court order. Any changes will be posted at the settlement website, www.OnfidoBIPASettlement.com.

### 19.  Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

### 20.  May I speak at the hearing?

Yes. If you do not exclude yourself, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection (*see* Question 16 above) and intend to appear at the hearing, you must state your intention to do so in your objection.

Deleted: 17

### GETTING MORE INFORMATION

### 21.  Where do I get more information?

This notice summarizes the proposed Settlement. More details, including the Settlement Agreement and other documents are available at www.OnfidoBIPASettlement.com or at the Clerk's Office in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays and any closures as a result of the COVID-19 pandemic. You can also contact Class Counsel at 1-866-354-3015 with any questions.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, THE DEFENDANT OR THE DEFENDANT'S LAWYERS WITH QUESTIONS ABOUT THE SETTLEMENT OR DISTRIBUTION OF SETTLEMENT PAYMENTS.**