UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDY SOSA and ROHITH AMRUTHUR, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>ONFIDO, INC.,<br><br>   Defendant. | No. 20-cv-4247<br><br>Judge Marvin E. Aspen |

**ORDER GRANTING PRELIMINARY APPROVAL
OF AMENDED CLASS ACTION SETTLEMENT AGREEMENT**

On March 13, 2023, Plaintiffs moved for preliminary approval of a class action settlement. (Plaintiffs' Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement (Dkt. No. 67).) After we made certain observations regarding the parties' settlement and requested additional information (Dkt. No. 68), Plaintiffs filed a supplemental motion for preliminary approval. (Plaintiffs' Supplemental Motion for Preliminary Approval of Class Action Settlement Agreement ("Suppl. Motion") (Dkt. No. 69).) Defendant Onfido, Inc. does not oppose Plaintiffs' original motion or its supplemental motion. (Suppl. Motion ¶ 1.) Having reviewed Plaintiffs' motions and the accompanying materials, good cause being shown, the Court having jurisdiction, and the Court being fully advised on the matter, IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

  1. Terms and phrases in this order shall have the same meaning as ascribed to them in the Amended Class Action Settlement Agreement ("Settlement Agreement") (Dkt. No. 71).

  2. Plaintiffs have moved the Court for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with its

incorporated documents, set forth the terms and conditions for a proposed settlement and dismissal of this case with prejudice. (Dkt. Nos. 67, 69.) The Court, having read and considered the Settlement Agreement and having heard the parties, hereby preliminarily approves the Settlement Agreement subject to the Final Approval Hearing referred to in this order, certifies the Financial Institution Class ("FI Class") and Non-Financial Institution Class ("NFI Class") (together, the "Settlement Classes") defined below for settlement purposes and finds that the Settlement Classes defined below are likely to be certified for purposes of entering the Final Approval Order, appoints Class Counsel and the Class Representatives, and approves the notice plan.

**Certification of the Settlement Classes**

3.  For purposes of settlement only, the Court certifies the following FI Class as defined in the Settlement Agreement:

> FI Class: All persons who, while within the State of Illinois, uploaded a photo or video of oneself and a photo ID to any application, software, or website operated by a Financial Institution Customer, and subsequently to Onfido, between June 12, 2015 and May 5, 2023.

Excluded from the FI Class are (1) persons who executed a written release or consent form specifically naming Onfido as being authorized to collect or store their alleged biometric data, before their alleged biometric data was ever collected or stored by Onfido, (2) any Judge or Magistrate presiding over this action and members of their families, (3) Onfido, Onfido's subsidiaries, parent companies, successors, predecessors, and any entity in which Onfido or its parents have a controlling interest, (4) persons who properly execute and file a timely request for exclusion from the FI Class, and (5) the legal representatives, successors or assigns of any such excluded persons.

4. For purposes of settlement only, the Court also certifies the following NFI Class as defined in the Settlement Agreement:

> NFI Class: All persons who, while within the State of Illinois, uploaded a photo or video of oneself and a photo ID to any application, software, or website operated by a Non-Financial Institution Customer, and subsequently to Onfido, between June 12, 2015 and May 5, 2023.

Excluded from the NFI Class are (1) persons who executed a written release or consent form specifically naming Onfido as being authorized to collect or store their alleged biometric data, before their alleged biometric data was ever collected or stored by Onfido, (2) any Judge or Magistrate presiding over this action and members of their families, (3) Onfido, Onfido's subsidiaries, parent companies, successors, predecessors, and any entity in which Onfido or its parents have a controlling interest, (4) persons who properly execute and file a timely request for exclusion from the Settlement Classes, and (5) the legal representatives, successors or assigns of any such excluded persons.

5. The Court finds, subject to the Final Approval Hearing referred to below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of settlement only, that the Settlement Classes likely satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure for purposes of entering the Final Approval Order, specifically, that: each of the Settlement Classes is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Classes (*e.g.*, whether Onfido collected, captured, or otherwise obtained Plaintiffs' and the Settlement Classes' biometric identifiers or information, as defined by 740 ILCS 14/10; whether Onfido properly informed Plaintiffs and the Settlement Classes of its purposes for collecting, using, and storing their biometric identifiers or information, 740 ILCS 14/15(b); and whether Onfido developed a written policy, made available to the public, establishing a retention schedule and guidelines for

permanently destroying biometric identifiers or information, 740 ILCS 14/15(a)); plaintiff Fredy Sosa's claims are typical of the claims of the members of the NFI Class and plaintiff Rohith Amruthur's claims are typical of the claims of the members of the FI Class; Plaintiffs and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Classes; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

**Preliminary Approval of the Settlement**

6.  For purposes of settlement only: (a) J. Eli Wade-Scott and Schuyler Ufkes of Edelson PC are appointed Settlement Class Counsel for the Settlement Classes; (b) Fredy Sosa is named Class Representative of the NFI Class; and (c) Rohith Amruthur is named Class Representative of the FI Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs will adequately protect the interests of the respective Settlement Classes defined above.

7.  The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Classes set forth above. The Court further finds that, for purposes of settlement only, the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Classes without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that, for purposes of settlement only, the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues of this case; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement

Classes; and (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Onfido or any other parties.

**Notice and Administration**

8. The Court approves, as to form, content, and distribution, the plan for giving Notice to the Settlement Classes—which includes direct Notice via U.S. Mail and email, reminder notices via email, a digital media campaign with targeted ads, and the creation of the Settlement Website—as fully described and set forth in the Settlement Agreement and its Exhibits C, D, E, F, and G. The Court further finds that the Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Classes of the pendency of this case, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the FI Class or NFI Class. The parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication. Per the parties' suggestion (Suppl. Motion ¶ 11), the Internet notice should authorize *pro se* litigants to submit filings via the Clerk's Office's Pro Se Filer Submission webpage, https://www.ilnd.uscourts.gov/Pages.aspx?page=SubmitProSePDF.

9. The Court approves the request for the appointment of Simpluris, Inc. as Settlement Administrator under the Settlement Agreement.

10. Pursuant to paragraph 4.3 of the Settlement Agreement, the Settlement Administrator is directed to (a) publish the Notice on the Settlement Website, www.OnfidoBIPASettlement.com, (b) send direct notice via email and U.S. Mail, and (c) place targeted advertisements, all in accordance with the Notice plan called for by the Settlement Agreement. Further, the reminder notice shall be disseminated to the Settlement Classes, in accordance with the Settlement Agreement, both thirty (30) days and seven (7) days prior to the Claims Deadline identified below. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the settlement online.

**Exclusion**

11. Any person who meets the definition of the FI Class or NFI Class and who wishes to exclude themselves from the FI Class or NFI Class must submit their request for exclusion in writing to the Settlement Administrator (by email to: info@onfidobipasettlement.com; or by mail to: Onfido Settlement Administrator, P.O. Box 25205, Santa Ana, CA 92799) on or before the Objection/Exclusion deadline of **September 29, 2023**. Any members of the FI Class or NFI Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

12. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Sosa v. Onfido, Inc.*, No. 20-cv-04247 (N.D. Ill.); (c) state the full name and current address of the person seeking exclusion; (d) be signed by the person seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. The Settlement Administrator shall create a dedicated email address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Classes in *Sosa v.*

*Onfido, Inc.*, 20-cv-04247 (N.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address or email address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the person serving such a request shall be deemed to remain FI Class Members and/or NFI Class Members and shall be bound by the Settlement Agreement, if approved. No person may request to be excluded from the FI Class or NFI Class through "mass" or "class" opt-outs, meaning, *inter alia*, that each individual who seeks to opt out must send an individual, separate request to the Settlement Administrator that complies with all requirements of this paragraph.

**Objections**

13. Any FI Class Member or NFI Class Member who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Approval Order being entered dismissing this case with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested incentive awards to the Class Representatives. To object, FI Class Members and NFI Class Members must sign and file a written objection on or before the Objection/Exclusion Deadline of **September 29, 2023**.

14. To be valid, the written objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and must include (a) the objector's full name and current address, (b) a statement that he or she believes himself or herself to be a member of the FI Class or NFI Class, (c) whether the objection applies only to the objector, to a specific subset of the FI Class or NFI Class, or to the entire FI Class or NFI Class, (d) the specific grounds for the objection, (e) all documents or writings that the objector desires the Court to consider, (f) the

name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission).

15. To be valid, objections must be filed with the Court and postmarked, e-mailed, or delivered to Class Counsel (Schuyler Ufkes, sufkes@edelson.com, EDELSON PC, 350 North LaSalle Street, 14th Floor, Chicago, IL 60654) and to Onfido's Counsel (Joel Griswold, jcgriswold@bakerlaw.com, BAKER & HOSTETLER LLP, 200 South Orange Avenue, Suite 2300, Orlando, Florida 32801) on or before the Objection/Exclusion Deadline. In addition, any objections made by an FI Class Member or NFI Class Member who is represented by counsel must be filed through the Court's CM/ECF system.

16. Any FI Class Member or NFI Class Member who fails to file and timely serve written objections in compliance with the requirements above and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement.

**Claims Deadline**

17. The Court approves the Claim Form attached to the Settlement Agreement as Exhibits B, D, and F, and all Claim Forms must be postmarked or submitted on the Settlement Website by the Claims Deadline of **October 6, 2023**, to be considered timely.

**Final Approval Hearing**

18. The Final Approval Hearing shall be held before this Court on **November 9, 2023**, at 10:30 a.m., to determine (a) whether the proposed settlement of the case on the terms

and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of any incentive awards to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Classes.

19. Class Counsel shall file papers in support of their request for attorneys' fees and expenses and the Class Representatives' request for incentive awards (collectively, the "Fee Petition") with the Court on or before **September 15, 2023**. The Fee Petition shall be filed with the Court and promptly posted to the Settlement Website. Members of the Settlement Classes may object on their own or may do so through separate counsel at their own expense by the Objection Deadline. Onfido may, but is not required to, file a response to Class Counsel's Fee Petition with the Court on or before the Objection Deadline of **September 29, 2023**. Class Counsel may file a reply in support of their Fee Petition with the Court on or before **October 20, 2023**.

20. Plaintiffs shall file their papers in support of final approval of the Settlement Agreement, and in response to any objections, with the Court on or before **October 20, 2023**.

IT IS SO ORDERED, this 5th day of May, 2023.

_____
Marvin E. Aspen
United States District Judge