# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FREDY SOSA and ROHITH AMRUTHUR, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>ONFIDO, INC., a Delaware corporation,<br><br>                Defendant. | Case No.: 20 CV 4247<br><br>Honorable Marvin E. Aspen |

## **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter having come before the Court on Plaintiffs' Motion for and Memorandum in Support of Final Approval of Class Action Settlement, (Dkt. No. 84), between Plaintiffs Fredy Sosa and Rohith Amruthur ("Plaintiffs") and Defendant Onfido, Inc., ("Defendant" or "Onfido") (Plaintiffs and Defendant are collectively referred to as the "Parties"), the terms of which are set forth in the Amended Class Action Settlement Agreement (the "Settlement Agreement"), (Dkt. No. 84-1), and Plaintiffs' Motion and Memorandum of Law for Attorneys' Fees, Expenses, and Incentive Awards, (Dkt. No. 81). On October 30, 2023, the Court referred the case to Magistrate Judge Sheila M. Finnegan solely for the limited purpose of conducting a hearing on November 9, 2023, to receive any possible objections to Plaintiffs' pending Motion for Attorneys' Fees, Expenses, and Incentive Awards and Motion for Final Approval of Class Action Settlement. (Dkt. No. 85.) No objections were made during the hearing. (Dkt. Nos. 88, 89.)

The Court having been advised of the premises, and having duly considered the papers and arguments of all interested parties,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Unless defined herein, all capitalized terms in this order shall have the respective meanings ascribed to the same terms in the Settlement Agreement. (Dkt. No. 84-1.)

2. This Court has subject-matter jurisdiction over the Action to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties to the Action, including all Financial Institution Class Members ("FI Class Members") and Non-Financial Institution Class Members ("NFI Class Members").

3. On May 5, 2023, this Court preliminarily approved the Settlement Agreement, and certified, for settlement purposes, the following two settlement classes (together, the "Settlement Classes"):

> Financial Institution Class: All persons who, while within the State of Illinois, uploaded a photo or video of oneself and a photo ID to any application, software, or website operated by a Financial Institution Customer, and subsequently to Onfido, between June 12, 2015 and May 5, 2023.

Excluded from the FI Class are (1) persons who executed a written release or consent form specifically naming Onfido as being authorized to collect or store their alleged biometric data, before their alleged biometric data was ever collected or stored by Onfido, (2) any Judge or Magistrate presiding over this action and members of their families, (3) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (4) persons who properly execute and file a timely request for exclusion from the FI Class, and (5) the legal representatives, successors or assigns of any such excluded persons. (Dkt. No. 73 at ¶ 3.)

> Non-Financial Institution Class: All persons who, while within the State of Illinois, uploaded a photo or video of oneself and a photo ID to any application, software, or website operated by a Non-Financial Institution Customer, and subsequently to Onfido, between June 12, 2015 and May 5, 2023.

Excluded from the NFI Class are (1) persons who executed a written release or consent form specifically naming Onfido as being authorized to collect or store their alleged biometric data, before their alleged biometric data was ever collected or stored by Onfido, (2) any Judge or Magistrate presiding over this action and members of their families, (3) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (4) persons who properly execute and file a timely request for exclusion from the Settlement Classes, and (5) the legal representatives, successors or assigns of any such excluded persons. (Dkt. No. 73 at ¶ 4.)

The Court now confirms final certification of the FI Class and NFI Class for purposes of entering final judgment.

4. Notice to the Settlement Classes has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice—which included direct notice via U.S. Mail and email (which reached 99.3% of the FI Class list and 96.8% of the NFI Class list), two rounds of reminder notices via email, a digital media campaign with targeted ads, and the creation and publication of the Settlement Website—provided the best practicable notice under the circumstances. The Notice was reasonably calculated to apprise the Settlement Classes of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing. Therefore, the Notice was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice including all necessary information to protect the interests of the Settlement Classes and fulfilled the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of this Court.

5. The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. (*See* Dkt. No. 84-3, ¶ 4.) As required by CAFA, more than ninety (90) days have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

6. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, and is supported by the Class Representatives and Class Counsel. The Class Representatives and Class Counsel adequately represented the Settlement Classes for purposes of entering into and implementing the Settlement Agreement.

7. The Court has considered each of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), as well as the settlement approval factors set forth by the Seventh Circuit. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the FI Class Members and NFI Class Members in light of the complexity, expense, and duration of the litigation, the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal, and the high claims rates. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to FI Class Members and NFI Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

8. The Court further finds that the Parties achieved excellent claims rates as a result of the Notice program: 20.1% of the FI Class submitted an Approved FI Class Claim and 18.3% of the NFI Class submitted an Approved NFI Class Claim. *See In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d at 620, 629, 632 (N.D. Cal. 2021) (describing similar 22% claims rate in BIPA settlement with Facebook as "impressive" and "unprecedented").

9. Six (6) members of the NFI Class have submitted a request for exclusion. The members of the NFI Class identified in Exhibit 1 attached hereto are excluded from the NFI Class. No NFI Class Members have objected to any of the terms of the Settlement Agreement.

10. Nineteen (19) members of the FI Class have submitted a request for exclusion. The members of the FI Class identified in Exhibit 2 attached hereto are excluded from the FI Class. Only one (1) FI Class Member—J. Mor., who was assigned the Class Member ID 7963228—objected to the Settlement Agreement. J. Mor.'s objection is overruled because it did not comply with the requirements of the Preliminary Approval Order, (Dkt. No. 73, at ¶¶ 13-16), and J. Mor.'s objections are beyond the scope of the settlement.

11. The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and the FI Class Members and NFI Class Members are bound by the terms and conditions of the Settlement Agreement.

12. Other than as provided in the Settlement Agreement and this order, the Parties shall bear their own costs and attorneys' fees.

13. Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters this Final Approval Order and dismisses the Action on the merits and with prejudice.

14. Upon the Effective Date of the Settlement Agreement, and in consideration of the settlement relief and other consideration described in the Settlement Agreement, Plaintiffs, the FI Class Members, and NFI Class Members, and their respective present or past heirs, executors, estates, administrators, trustees, assigns, agents, consultants, independent contractors, insurers, reinsurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities, and each of them, shall be deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged Onfido, and its corporate parents, subsidiaries, principals, investors, owners, members, controlling shareholders, trustees, estates, heirs, executors, and administrators, along with the officers, directors, shareholders, employees, attorneys, representatives, agents, insurers, reinsurers, vendors, successors, predecessors, and assigns of such persons or entities from any and all claims, liabilities, demands, causes of action, or lawsuits, whether known or unknown (including "Unknown Claims" as defined in the Settlement Agreement), whether legal, statutory, equitable, or of any other type or form, whether under federal, state, or local law, and whether brought in an individual, representative, or any other capacity, arising from or relating to Onfido's alleged collection, possession, capture, purchase, receipt through trade, obtaining, sale, profit from, disclosure, redisclosure, dissemination, storage, transmittal, and/or protection from disclosure of (1) alleged scans of a face, scans of a retina or iris, and/or voiceprints derived from a photo or video submitted to Onfido and/or Released Parties and/or (2) any alleged biometric information, regardless of how it is captured, converted, stored, or shared, based on an individual's scan of a face, scan of a retina or iris, and/or voiceprint derived from the same photo or video, used to identify the individual, including, but not limited to, claims under the Illinois Biometric

6

Information Privacy Act, 740 ILCS 14/1, *et seq.*, and any other federal, state, or local law, regulation, or ordinance, or common law. For the avoidance of doubt, Defendant's customers (including, specifically, customers to whom Onfido sold, leased, licensed, or otherwise provided identity verification software or services) are not included as Released Parties or covered by this release.

15. Accordingly, the Settlement Agreement shall be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other FI Class Members and NFI Class Members and Releasing Parties.

16. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of FI Class Members and NFI Class Members.

17. The Court awards to Class Counsel $3,870,202.68 as a fair and reasonable attorneys' fee for their representation of the FI Class to be paid from the FI Class Settlement Fund pursuant to the terms in the Settlement Agreement. This amount includes any reimbursable expenses associated with the Action with respect to the FI Class. This amount equates to 33% of the FI Class Settlement Fund, less the amount paid for Settlement Administration Expenses attributable to the FI Class and the proposed incentive award to Plaintiff Amruthur.

18. The Court further awards to Class Counsel $5,015,651.55 as a fair and reasonable attorneys' fee for their representation of the NFI Class to be paid from the NFI Class Settlement Fund pursuant to the terms in the Settlement Agreement. This amount includes any reimbursable

expenses associated with the Action with respect to the NFI Class. This amount equates to 33% of the NFI Class Settlement Fund, less the amount paid for Settlement Administration Expenses attributable to the NFI Class and the proposed incentive award to Plaintiff Sosa.

19. In determining the attorneys' fee awards, the Court has considered the prevailing market rates for counsel in similar litigation to approximate the terms that Class Counsel and the absent FI Class Members and NFI Class Members would have agreed to *ex ante*, had negotiations occurred. *In re Synthroid Mktg. Litig.*, 264 F.3d 712 (7th Cir. 2001). The Court finds that the attorneys' fee awards here are in line with fee awards provided in similar BIPA cases in this District and is reasonable in light of both the substantial risk that Class Counsel took on in accepting the case and the excellent relief Class Counsel ultimately obtained for the Settlement Classes.

20. The Court awards to Plaintiff Rohith Amruthur an incentive award of $5,000.00 for his time and effort serving the FI Class in this Action. This amount shall be paid from the FI Class Settlement Fund pursuant to the terms in the Settlement Agreement.

21. The Court awards to Plaintiff Fredy Sosa an incentive award of $5,000.00 for his time and effort serving the NFI Class in this Action. This amount shall be paid from the NFI Settlement Fund pursuant to the terms in the Settlement Agreement.

22. The Court approves the appointment of Simpluris, Inc. as Settlement Administrator and approves the payment of all reasonable Settlement Administration Expenses to the Settlement Administrator, which shall not exceed $1,563,169.00 (a maximum of $1,052,709.00 for the FI Class and $510,460.00 for the NFI Class). The final Settlement Administration Expenses shall be set forth in a final invoice to be approved by Class Counsel

and shall be paid from the FI Class Settlement Fund and NFI Class Settlement Fund in proportionate amounts as set forth in the Settlement Agreement.

23. To the extent that a final check is not cashed or deposited within one hundred eighty (180) days after the date of issuance, or a final electronic deposit is unable to be processed within one hundred eighty (180) days of the first attempt, such funds shall be returned to the respective settlement funds from which they were withdrawn and shall first be re-distributed to FI Class Members and NFI Class Members who successfully cashed their first check or successfully received at least one electronic payment, if feasible and in the interests of each class. If redistribution is not feasible for the FI Class and/or NFI Class, or if residual funds remain in either of the settlement funds after redistribution, the Settlement Administrator shall distribute such funds to the Unclaimed Property Division of the Illinois Treasurer's Office, and shall identify to the Illinois Treasurer's Office each individual claimant who did not cash or deposit their final check or did not successfully receive their final e-payment and the amount each individual claimant did not cash, deposit, or successfully receive.

24. Without affecting the finality of this Final Approval Order for purposes of appeal, the Parties will submit to the jurisdiction of the Court as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and this Final Approval Order, and for any other necessary purpose, to the extent a subsequent action is necessary to effectuate such purpose.

IT IS SO ORDERED.

_____
Marvin E. Aspen
United States District Judge

DATE: December 4, 2023

# EXHIBIT 1

| Class Member ID | Name |
| --- | --- |
| 2771963 | J Mor |
| 3793603 | F Coh |
| 8161942 | M Bie |
| 5959629 | E Kra |
| 2822408 | E Fel |
| 4692867 | M Acc |

# EXHIBIT 2

| Class Member ID | Name |
| --- | --- |
| 5342449 | J Joy |
| 8682020 | S Bro |
| 1070630 | S El |
| 3704441 | C Her |
| 6836765 | M Han |
| 6181719 | D Jac |
| 3970757 | Z Kra |
| 5789559 | N Wei |
| 7136542 | S Nic |
| 3999705 | D Wil |
| 4772354 | S Sol |
| 2878043 | M Sha |
| 7246795 | A Gon |
| 6548741 | E San |
| 5215720 | A Div |
| 8524587 | N Yar |
| 3117294 | J Hle |
| 5895671 | C Nel |
| 6712110 | A Ash |